In re MULTIDISTRICT CIVIL ACTIONS INVOLVING the AIR CRASH DISASTER NEAR HANOVER, NEW HAMPSHIRE, ON OCTOBER 25, 1968.

MDL–No. 43.

United States District Court, D. New Hampshire.

June 3, 1971 and June 29, 1971.

## ORDER AND MEMORANDUM OPINION

BOWNES, District Judge.

Pursuant to 28 U.S.C. § 1404(a), the court orders that all cases not originating in this District or already transferred here pursuant to 28 U.S.C. § 1406(a) be transferred to the District of New Hampshire for consolidated trial with all other cases on the issue of liability. Trial will start September 27, 1971.

There are thirty-two cases now pending arising out of the air crash disaster near Hanover, New Hampshire, on October 25, 1968. The defendants, either by way of direct action, cross-action, or third-party actions, are: Northeast Airlines, Inc., United States of America, Fairchild Hiller Corp., Wilcox Electric Co., Inc. (Westinghouse Air

Brake Co.), Qualitron Aero, Inc., McDonnell Douglas Corp., Collins Radio Co., and Kollsman Instrument Corp. It is clear that, except for the Veech cases (MDL–43–18 and 25) which may involve the Warsaw Convention and the crew cases (MDL–43–23 and 26) [1], the issue of liability is identical as to all plaintiffs and all defendants. The convenience of parties and witnesses and the interests of justice will best be served by a single trial. Such a trial will obviously result in considerable saving of time and money for all parties, particularly the defendants. A consolidated trial also means that only one judge instead of several will have to devote his time to the cases. Further, a single trial on the issue of liability means that this issue will be determined much sooner than if the cases were returned to the transferor districts. This order will certainly not prejudice the rights of any of the parties to a full and fair trial on the issue of liability. My ruling of December 28, 1970, will ensure the best legal talent available for the plaintiffs. I ruled then as follows:

The cases tried in September will be tried in the same manner as a class action. The plaintiffs' attorneys will determine which of them will try the case. For purposes of trial, the court considers the appearance of an attorney in one case as an appearance in all cases. Settlement prior to trial of the particular case in which the selected trial counsel appears will not bar that attorney from acting as trial counsel if plaintiffs desire him to do so.

This multidistrict litigation was assigned to me on June 1, 1970, and since that time I have been actively engaged in the supervision of the pretrial preparation of all of the cases arising out of the crash in Hanover, New Hampshire. I think it is fair to conclude that I have a working familiarity with the facts, issues, and problems involved. While it would be easy on me, as well as for me,

to transfer the cases back to their transferor districts on the completion of pretrial discovery, such transfers would be an abdication of responsibility on my part and would constitute, in this era of congested calendars and long delays of trials, an affront to the orderly and expeditious administration of justice.

■ The factors that compel a consolidated trial on the issue of liability do not apply to the issue of damages. On that issue, each plaintiff stands on a separate and distinct footing. The convenience of parties and witnesses would probably better be served by trial in the district where the case originated. Moreover, the interests of justice, in my opinion, require that the plaintiffs from other jurisdictions not be compelled to litigate the issue of damages in a state which has a $60,000 death limit in wrongful death actions. While I am fully aware that the New Hampshire death limitation would not apply to those cases originating in other districts (unless that state's conflict of laws rule so dictates), it would be naive and unrealistic to assume that New Hampshire jurors would not be aware of the death award limitations.

Further, there is the feeling which extends even to some members of the New Hampshire Bar that New Hampshire jurors are not as generous as jurors from New York, Massachusetts, Pennsylvania, or Ohio. Since my experience, both as a trial lawyer and trial judge, has been mostly limited to New Hampshire, I am not in a position to make a ruling or finding as to this, but it is a factor that I have considered.

Another factor that has influenced my decision to transfer these cases for trial on the issue of liability alone is that separate trials on damages would impose a sizeable burden on this court and result in the postponement of many cases already scheduled for trial.

Although I am not aware of any other aircraft disaster case being handled in

1. These cases will not be consolidated for trial with the others, but will be set for trial after the consolidated trial.

this precise manner, there is ample authority for this order. In In re Plumbing Fixture Cases, 298 F.Supp. 484 (D. C., 1968), Judge Becker noted at pages 495 and 496:

On change of venue the overwhelming authority holds that the jurisdiction and powers of the transferee court are coextensive with that of the transferor court; that the transferee court may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer. 92 C.J.S. Venue § 207 pp. 980–981 and cases therein cited, cf. Greve v. Gibraltar Enterprises (D.N.M.) 85 F.Supp. 410, l. c. 414; that after an order changing venue the jurisdiction of the transferor court ceases; and that thereafter the transferor court can issue no further orders, and any steps taken by it are of no effect. Phebus v. Search (C.A.8) 264 F. 407, l. c. 409; 21 C.J.S. Courts § 517a; 20 Am.Jur.2d § 149; 56 Am.Jur. Venue, § 78, p. 79. These principles are applicable to a transfer under Section 1407 from the time of entry of the order of transfer until the time of entry of an order of remand.

See also Memorandum Opinion of Judge Bernard M. Decker in State of Illinois, et al v. Harper & Row Publishers, Inc., et al, No. 67 C 1899, March 23, 1971, and Memorandum And Order Transferring "Human Consumption Cases" To The District of Minnesota Under 28 U.S.C. § 1404(a) by Judge Miles W. Lord, May 14, 1971.

So ordered.

## SUPPLEMENTAL ORDER AND MEMORANDUM OPINION

This is an order and memorandum opinion supplementing the one of June 3, 1971.

On June 24th, starting at 11:00 A.M., there was a hearing on my order and opinion of June 3rd at which counsel for all defendants were present, and the plaintiffs were represented by E. Paul Kelly, Esq., of Manchester, New Hampshire, acting as liaison counsel, and Richard E. Davis, Esq., of Barre, Vermont, acting as lead counsel. All defense counsel, with the exception of the Government, agreed that this court had the power to transfer cases here from other districts for all purposes under 28 U.S.C. § 1404(a). Attorney Silverman stated that, while the United States would not object to 1404(a) transfers for all purposes, he wanted to point out that such transfers did not comport with the plain language of 28 U.S.C. §§ 1407(a) and 1404(a). I think I can fairly say that it is the position of all defendants that, while they object to my order of June 3rd transferring all cases here under 1404(a) for trial on the issue of liability alone, they do not object to, and, in fact, urge a transfer here under 1404(a) for trial on the issues of liability and damages. None of the plaintiffs have objected to a transfer to this court for trial on the issue of liability alone, but at a prior pretrial hearing, some did object strenuously to transfers here for all purposes under 1404(a).

I must recognize candidly that there is nothing in the language of 28 U.S.C. § 1407(a) or 1404(a) which directly allows, or even suggests, that the transferee judge has the power to transfer cases to his district, or any district, for purposes of trial. Section 1407 speaks in terms of actions being transferred "to any district for coordinated or consolidated pretrial proceedings." It also says:

Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated . . . .

The power to transfer 1407 cases pursuant to 1404(a) to a single district for trial has been developed by judicial interpretation to meet the problems imposed upon the federal courts by complex and multidistrict cases. The holding of Judge Becker in In Re Plumbing Fixture Cases, 298 F.Supp. 484 (D.C.,

1968), cited on page 3 of the order of June 3rd is an excellent illustration of how the administration of justice can be advanced by an intelligent and imaginative judge.

If, as all defense counsel agree, the transferee judge has the power to transfer cases to his court under 1404(a) for all purposes, then why does he not have the power to transfer the cases to his district for trial on the issue of liability alone?

The purpose of a transfer under 1404(a) is clear. It is "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." A judge must, therefore, consider these two factors in deciding whether or not a transfer should be made.

There are twelve cases now properly pending in this district, either because they were brought here initially or because they have been transferred here pursuant to 28 U.S.C. § 1406(a). These cases are my responsibility through final judgment regardless of the extent of my authority under 1404(a). I have decided that the best way to proceed in these cases is to determine the issue of liability first at one trial and then have separate trials on damages in each case. With certain exceptions,[1] the issue of liability is the same and the defendants are the same in all cases wherever originated. All cases could have been brought in this district under 28 U.S.C. § 1391(a). Since I am going to conduct a trial solely on the issue of liability in those cases that are my primary responsibility, it is obvious that the convenience of parties and witnesses and the interest of justice will best be served by transferring the other cases here for trial at the same time on that issue. As noted in the order of June 3rd, it is reasonable to assume that the judge who has conducted all of the pretrial discovery is, by reason of his familiarity with the cases, the issues, and the lawyers, better prepared to preside at the trial on the issue of liability than the transferee judge. It is clear, therefore, that the purpose of a transfer under 1404(a) will be carried out by transferring all cases here for consolidation for trial on the issue of liability.

The vital question is whether or not a transfer to this district for trial on the issue of damages of those cases that did not originate here nor were transferred here under 1406(a) would really be "for the convenience of parties and witnesses, in the interest of justice . . . ." It is apparent that the convenience of the plaintiffs will best be served by trial in the districts in which they brought suit. The witnesses who will testify on the issue of damages have no relation at all to the witnesses who will testify on the issue of liability and will be different in each case. In the death actions, the testimony, if it follows the usual pattern, will be from members of the decedent's family, his fellow employees, his employer, and experts in the fields of employment, investment and long-term economic trends. All such witnesses probably reside in the district where the suit originated. The determination of the worth of the decedent to his estate and family depends, in some measure, at least, upon community standards. While I have no doubt that a New Hampshire jury is quite competent to determine the questions involved on the issue of liability in these cases, its background may be so different from that of jurors in New York City, Philadelphia, Vermont, and Ohio as to deprive the plaintiffs of their constitutionally guaranteed right to a trial by a jury of their peers. I have already adverted to the New Hampshire statutory death limits in my order of June 3rd and its possible effects on the minds of New Hampshire jurors.

---

1. (a) The crew cases, 43–23 and 26, involve the issue of contributory negligence.

 (b) The Veech cases, 43–18 and 25, come under the so-called Warsaw Convention rules.

 (c) The Massachusetts Decedent cases, 43–20 and 24, involve the question of degree of culpability under Mass. G.L. Ch. 229 § 2.

My order of June 3, 1971, is reaffirmed: all cases not originating in this district or already transferred here pursuant to 28 U.S.C. § 1406(a) are transferred to the District of New Hampshire pursuant to 28 U.S.C. § 1404(a) for consolidated trial with all other cases on the issue of liability.

There is excluded from this order the following cases: MDL 43–18, 20, 23, 24, 25, and 26.

The defendants' motion to certify this order to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1292(b) is denied. I am of the opinion that interlocutory appeal is not the proper mode of review of this order. See A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439 (2nd Cir. 1966), for a thorough discussion and analysis of the mode of review of transfers under 28 U.S.C. § 1404(a).

So ordered.