PFIZER, INC., et al., Defendants-Petitioners,

v.

Honorable Miles W. LORD, United States District Judge, Respondent,

and

State of Oregon et al., Plaintiffs-Respondents.

Docket No. 71–1534.

United States Court of Appeals, Second Circuit.

July 13, 1971.

John E. F. Wood and J. Paul, McGrath, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for petitioner Pfizer, Inc.

Samuel W. Murphy, Jr., Kenneth N. Hart, James E. Daniels, and Thomas F. Munno, Donovan, Leisure, Newton & Irvine, New York City, for petitioner American Cyanamid Co.

Merrell E. Clark, Jr., and William M. Dreyer, Winthrop, Stimson, Putnam & Roberts, New York City, for petitioner Bristol-Myers Co.

Allen F. Maulsby, Cravath, Swaine & Moore, New York City, for petitioners Squibb Beech-Nut, Inc. and Olin Corp.

Roberts B. Owen, and Charles E. Buffon, Covington & Burling, Washington, D. C., for petitioner The Upjohn Co.

Roger A. Johnson, Johnson, Thompson, Spring & Klaverkamp, Charles Quaintance, Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, Minn., John A. Cochrane, Cochrane & Bresnahan, St. Paul, Minn., Richard W. McLaren, Asst. Atty. Gen., Antitrust Div., Dept. of Justice, Washington, D. C., Jean A. Benoy, Deputy Atty. Gen., Raleigh, N. C., Slade Gordon, Atty. Gen., Seattle, Wash., Vernon B. Romney, Atty. Gen., Salt Lake City, Utah, Lee Johnson, Atty. Gen., Salem, Or., Kent Frizzell, Atty. Gen., Topeka, Kan., Bertram T. Kanbara, Honolulu, Hawaii, Evelle J. Younger, Atty. Gen., San Francisco, Cal., for plaintiffs-respondents.

Before CLARK, Associate Justice,* and SMITH, Circuit Judge.

## ON PETITION FOR REHEARING OF APPLICATION FOR MANDAMUS

PER CURIAM:

The petitioners who are defendants in a civil antitrust action in the court below have filed a motion in this court pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure requesting a writ of mandamus directing the Honorable Miles W. Lord, United States District Judge sitting by designation in the United States District Court for the Southern District of New York, to vacate and rescind an order dated May 14, 1971 directing the transfer, pursuant to 28 U.S.C. § 1404(a), of thirty-one antibiotic antitrust actions from the eleven judicial districts in which they were filed to the District of Minnesota for trial.

Some one hundred and fifty-four civil actions have been filed in this litigation since it was commenced in 1963. Beginning in 1968 the Judicial Panel on Multidistrict Litigation transferred all of the actions not originally filed there to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The majority of the cases were disposed of in a negotiated settlement which was approved by the district court. West Virginia v. Chas. Pfizer & Co., 314 F. Supp. 710 (S.D.N.Y.1970), aff'd 440 F. 2d 1079 (2d Cir. 1971). On November 30, 1970, Mr. Chief Justice Burger designated Judge Lord to the Southern District of New York pursuant to 28 U.S.C. § 292 which provides:

(d) The Chief Justice of the United States may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or

---

* Retired Associate Justice of the Supreme Court, sitting by designation.

court of appeals, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises.

On December 2, 1970 the "non-settling" cases were assigned to Judge Lord by the Judicial Panel for pretrial proceedings pursuant to 28 U.S.C. § 1407(b). [In re Antibiotic Drugs, 320 F.Supp. 586 (Jud. Par.Mult.Lit., 1970).] This section provides:

(b) Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

After extensive briefing and argument Judge Lord issued the order at issue here transferring all the actions to Minnesota for trial under 28 U.S.C. § 1404(a) which provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The petitioners now contend that Judge Lord lacked the power to order this transfer, and secondly, even if such power did exist, it was an abuse of discretion for Judge Lord to find that the convenience of the parties justified such transfer.

The petitioners base their argument primarily on a provision of section 1407 (a) which states:

Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated * * *.

At first glance the contention that this provision requires the consolidated cases to be sent back to the districts in which they were initially filed appears persuasive. Section 1407, however, deals *only* with the powers of the Multidistrict Litigation Panel, and not with the powers of the judge to whom the cases have been assigned by the Panel. As the respondents point out, 28 U.S.C. § 296, which deals with the assignment and designation of judges and is the basis for Judge Lord's designation by the Chief Justice specifically provides that "[s]uch * * judge shall have all the powers of a judge of the court, circuit or district to which he is designated and assigned * * *." Thus while the Multidistrict Litigation Panel would have no power to transfer these cases for trial under section 1404 (a), the judge to whom the cases have been assigned has such power here as he would in any other case. The Panel has itself recognized the distinction between its powers and the powers of the judge to whom it assigns cases in its rules. Rule 15(d) provides:

(d) Actions will be remanded to the district from which they were transferred unless an order has been signed by the designated transferee judge transferring an action to another district under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Such actions will be remanded by the Panel to the district designated in the section

1404(a) or section 1406(a) order.

In In Re Koratron, 302 F.Supp. 239, 242 (Jud.Par.Mult.Lit., 1969) the Panel noted:

Sections 1404(a), 1406(a), and 1407 are not mutually exclusive and, when appropriate, should be used in concert to effect the most expeditious disposition of multidistrict litigation.

A similar conclusion was reached in the recent case of State of Illinois v. Harper & Row Publishers, Inc. No. 67 C 1899, N.D.Ill., March 23, 1971.

■ This conclusion would clearly seem to comport with the esential purpose of section 1407 to "promote the just and efficient conduct" of complex multidistrict litigation. Since it is reasonably clear that, subsequent to a section 1407 transfer, and prior to a remand, the transferor court has no authority to entertain a section 1404(a) motion or any other motion, to hold that the transferee court also has no section 1404(a) authority would mean that all proceedings on any section 1404(a) motion would have to be suspended for the entire period of pretrial, the cases remanded to a number of different districts, and then each district judge consider separate 1404(a) motions. The inevitable result would be further extensive delay in litigation which already is among the most time consuming to appear on the federal dockets. We see no reason to sanction such a result.

■ Turning then to the question of whether Judge Lord acted properly in granting the motion under the particular circumstances of this case, it is clearly established in this circuit that mandamus will lie to set aside section 1404(a) orders only "to redress a clear-cut abuse of discretion." A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 445 (2d Cir. 1966); Wyndham Associates v. Bintliff, 398 F.2d 614, 621 (2d Cir. 1968). Judge Lord's opinion indicates that he carefully weighed and considered the various interests involved. The factors on which he based his decision included:

(1) The waiver by the plaintiffs of the original choice of forum.

(2) The lack of showing that any important witnesses would be unavailable or even inconvenienced by the transfer.

(3) The fact that there was already one substantial case pending in the transferee district.

(4) The fact that each of the defendants had already retained experienced counsel in Minnesota who had been active in the pretrial preparation of these cases.

(5) The fact that the civil docket in Minnesota was the least burdened of any of the eleven districts where the actions had originally been filed.

■■ Judge Lord acknowledged that the transfer to Minnesota would place added burdens on the defendants' primary counsel who are located in New York, Philadelphia, and Washington, but concluded that the other factors favoring the transfer outweighed this consideration. He also indicated that he felt that because of the complexity of these cases the interests of judicial efficiency made it highly desirable that the judge who conducted the pretrial proceedings continue as the trial judge, and that it would be impossible for him to remain in the Southern District of New York for the length of time that these trials were expected to take. While the convenience of the judge is, of course, not normally a factor to be weighed in considering a section 1404(a) motion, in the unusual circumstances of this case we do not feel that it was an abuse of discretion to give some consideration to this problem in balancing the various interests. In any litigation of this type it would, of course, be impossible to find any forum that was totally convenient to all those involved. Judge Lord's solution appears fully justified under the circumstances.

The petition for rehearing of the order denying the issuance of a writ of mandamus is therefore denied.