**In re AIR DISASTER AT SAN AN-
TONIO, VENEZUELA.**

**No. 72.**

Judicial Panel on Multidistrict Litigation.
Aug. 23, 1971.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL, Judges of the Panel.

## PER CURIAM.

On April 11, 1969, a DeHavilland U–1A aircraft owned and operated by the United States Army crashed near San Antonio, Venezuela. Of the six persons on board, three were killed and two were seriously injured. Actions have been brought by representatives of three persons receiving fatal injuries and by the two persons who were seriously injured.[1] The defendants are DeHavilland Aircraft of Canada, Ltd., the manufacturer of the aircraft, United Aircraft Corp., the manufacturer of the engines, and Spartan Aviation, Inc., which, under government contract, serviced the aircraft immediately prior to its crash.[2]

---

* Judges John Minor Wisdom and Joseph S. Lord, III were unable to attend the hearing in this matter but, with the consent of all parties, have participated in this decision.

1. We were advised at oral argument that the one crew member who received minor injuries had not commenced legal proceedings and was not expected to do so.

2. Although we do not in any way pass on the merits of any of these law suits, it seems obvious from the hearing and pleadings filed with the Panel that Spartan is, at least for the present time, the principal defendant in this litigation.

There are at present four actions in three different districts. (See Schedule A). The action pending in the Central District of California was brought by four of the five plaintiffs and is against two of the three defendants, United Aircraft and Spartan, both of which are apparently amenable to service in California.[3] A single action on behalf of one of the decedents' estates was filed and is now pending in the Northern District of Oklahoma. Spartan is the sole defendant in this action. Counsel for the plaintiff advises that this action was filed in Oklahoma rather than California due to the fact that the shorter California statute of limitations had expired before the action could be brought. There are two actions in the Eastern District of New York, one by the same four plaintiffs who brought the California action and the other on behalf of the estate of the decedent involved in the Oklahoma action. All three defendants are named in these actions although personal jurisdiction over Spartan has not been obtained. The reason for bringing these two actions in New York rather than in California or Oklahoma was simply because DeHavilland was not subject to jurisdiction in either of those two states.

A motion was filed by Spartan to transfer the California action to the Northern District of Oklahoma for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. The two New York cases were included for consideration on the initiative of the Panel. Although only Spartan favors transfer of these actions under Section 1407, all parties concede that the actions involve common questions of fact. And counsel for the five plaintiffs quite candidly admitted at oral argument that he would have brought all actions in the Central District af California were it not for the

problems relating to the California statute of limitations and the limited personal jurisdiction available as to DeHavilland.

Except for the fact that there were fewer victims, we do not see how this litigation is any different from other common disaster litigation. There can be no doubt that all of these actions involve common questions of fact relating to the cause of the crash and, particularly as it concerns Spartan, to the maintenance performed on the aircraft prior to the crash. We, however, cannot agree with the movant that the Northern District of Oklahoma is the most appropriate transferee forum. In its moving papers, Spartan emphasized the fact that its maintenance facilities were located in the Tulsa, Oklahoma vicinity and that its personnel and records relative to the servicing of this aircraft were there. This might have been a strong reason for transferring to the Northern District of Oklahoma had it not been for the fact that the maintenance operation was recently moved to a Texas location. While there still may be some former Spartan employees in the Tulsa vicinity, they may be deposed in the Northern District of Oklahoma regardless of which court is selected for transfer.

Thus, the choice is seemingly limited to two opposite ends of the country, Brooklyn, New York or Los Angeles, California. Neither would be inconvenient for the plaintiffs as they brought actions in both districts or for United Aircraft, which is a defendant in both districts. On the other hand, Los Angeles is undoubtedly inconvenient for DeHavilland while Brooklyn would be as inconvenient for Spartan. Since the Central District of California is the plaintiffs' preference (in spite of the fact that plaintiffs' counsel is from New York City) and since the initial discov-

---

3. An identical action was brought by the same four plaintiffs against Spartan Aviation in the Northern District of Oklahoma. Counsel for the plaintiff advises that this was a "protective action" in the event that personal jurisdiction could not be obtained in California. Having obtained jurisdiction over Spartan in California, the plaintiffs then successfully moved to dismiss the Oklahoma action without prejudice.

[redacted]

ery will undoubtedly focus on the aircraft's maintenance performed by Spartan, we think that the Central District of California is the preferable transferee district.

It is therefore ordered that the actions listed on the attached Schedule A which are pending in other districts be and the same are hereby transferred to the United States District Court for the Central District of California for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. With the consent of that Court, these actions are hereby assigned to the Honorable Robert J. Kelleher for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

SCHEDULE A

**Central District of California**

| | |
|---|---|
| John L. Morgan, etc. v. United Aircraft Corp., et al. | Civil Action No. 70–771–CC |

**Northern District of Oklahoma**

| | |
|---|---|
| Mary S. Moir, et al. v. Spartan Aviation, Inc. | Civil Action No. 71–C–11 |

**Eastern District of New York**

| | |
|---|---|
| John L. Morgan, etc. v. The DeHavilland Aircraft of Canada Ltd., et al. | Civil Action No. 70 C 280 |
| Roman F. Geller, Jr., etc. v. The DeHavilland Aircraft of Canada Ltd., et al. | Civil Action No. 71 C 383 |