**In re AIR CRASH DISASTER AT LAS VEGAS, NEVADA ON OCTOBER 8, 1968.**

**No. 80.**

Judicial Panel on Multidistrict Litigation.
Jan. 6, 1972.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL *, Judges of the Panel.

---

* Although Judge Weigel was not present at the hearing he has, with the consent of all parties, participated in this decision.

## OPINION AND ORDER

PER CURIAM.

The fifteen actions involved in this motion arise out of the crash of a passenger aircraft near Las Vegas, Nevada in 1968. Five of the cases are pending in the Southern District of California, five in the Eastern District of Wisconsin, and five in the Northern District of Texas. The plaintiffs are survivors of deceased passengers and crew members, insurers of the aircraft and the craft's owner.

All plaintiffs have joined in a motion for transfer of all actions to the Southern District of California, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings. All of the defendants have responded to the motion and their position, as reflected in their papers and modified at the hearing, is that the cases should be transferred to the Northern District of Texas rather than the Southern District of California. We agree.

The need for transfer under 28 U.S.C. § 1407 is clear. The actions all relate to the same crash and raise common issues of fact concerning the accident. Although plaintiffs have apparently attempted to coordinate their actions informally, they assert that the discovery necessary to prepare these cases for trial requires coordination by a single judge under Section 1407. We conclude that the convenience of parties and witnesses and the just and efficient conduct of the litigation will best be served by transfer. In re Air Disaster at San Antonio, Venezuela, 331 F.Supp. 547 (Jud. Pan.Mult.Lit.1971); In re San Juan, Puerto Rico Air Crash Disaster, 316 F. Supp. 981 (Jud.Pan.Mult.Lit.1971).

The dispute between the parties concerns the selection of a transferee district for pretrial proceedings. Plaintiffs assert that the vast majority of witnesses on the issues of causation and damages are located either in San Diego, the flight's point of origin and home of many passengers, or in Las Vegas, where the crash occurred. It is also argued that coordination of the federal court actions with the three actions now pending in the California state courts will be simplified by transfer to the Southern District of California.

The United States, in advocating the Northern District of Texas as transferee district, takes issue with the plaintiffs' arguments. It contends that the question of damages to the plaintiffs does not involve a common factual background and that the location of witnesses relating to that issue should not be considered in selecting the situs for coordinated or consolidated pretrial proceedings. It is further asserted that the common questions of fact raised on the liability issue relate mainly to events occurring in Texas.

We agree with the arguments advanced by the United States. The only common questions of fact are obviously those involved in the issue of liability and defendants have convinced us that discovery on this issue will be focused in Texas. The plaintiffs are alleging that the crash resulted from a fire caused by a gasoline heater in the nose of the aircraft. This heater was installed several years before the crash by Aerodyne Engineering Corp. at a time when the plane was owned by Air Wisconsin. The modification was designed and installed at the Texas facilities of Aerodyne and approved by the Texas regional office of the Federal Aviation Administration. All of the witnesses and documents relating to this important episode in the aircraft's history are located in the Northern District of Texas and much of the discovery following transfer is likely to center on these witnesses and documents.

It is therefore ordered that all actions on the attached Schedule A pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, are assigned to the Honorable Robert M. Hill for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

## SCHEDULE A
### Southern District of California

| | |
|---|---|
| Kathleen M. Fleming, et al. v. United States of America | Civil Action No. 71–37–CW |
| United Scottish Ins. Co., Ltd., et al. v. United States of America | Civil Action No. 71–36–CW |
| Simmone C. Weaver, et al. v. United States of America | Civil Action No. 71–38–CW |
| John Wm. Dowdle, Jr. v. United States of America | Civil Action No. 71–39–CW |
| Maxine Cearley, et al. v. United States of America | Civil Action No. 70–138–CW |

### Eastern District of Wisconsin

| | |
|---|---|
| Kathleen M. Fleming, et al. v. Air Wisconsin, et al. | Civil Action No. 70–C–559 |
| John M. Dowdle, Jr. v. Air Wisconsin, et al. | Civil Action No. 70–C–558 |
| Simmone C. Weaver, et al. v. Air Wisconsin, et al. | Civil Action No. 70–C–557 |
| United Scottish Ins. Co., Ltd., et al. v. Air Wisconsin, Inc., et al. | Civil Action No. 70–C–556 |
| Maxine Cearley, et al. v. Air Wisconsin Inc., et al. | Civil Action No. 70–C–302 |

### Northern District of Texas

| | |
|---|---|
| Maxine Cearley, et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA–3–4238–A |
| Kathleen M. Fleming, et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA–3–4206–D |
| United Scottish Ins. Co., Ltd., et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA–3–4208–A |
| Simmone C. Weaver, et al. v. Air Wisconsin Inc., et al. | Civil Action No. CA–3–4207–B |
| John Wm. Dowdle, Jr. v. Air Wisconsin, Inc., et al. | Civil Action No. CA–3–4205–B |