### In re AIR CRASH DISASTER AT HUNT-INGTON, WEST VIRGINIA on NOVEMBER 14, 1970.
### No. 94.

Judicial Panel on Multidistrict Litigation.
May 22, 1972.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

In the fall of 1970 a Southern Airways jet, chartered by Marshall University's football team, crashed near Huntington, West Virginia, fatally injuring all seventy passengers and five crew members. There are now ten actions [1] pending in six different districts asserting claims arising from the crash. Four of the actions are pending in the Southern District of New York, two in the District of New Jersey, and one each in the Eastern District of New York, District of Columbia, Eastern District of Kentucky and Southern District of West Virginia.

On December 16, 1971, the Panel ordered the parties to these actions to show cause why they should not be transferred to a single district for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407. Responses have been received from defend-

---

* Judges Wisdom and Becker were unable to attend the hearing on this matter but have, with the consent of the parties, participated in this decision.

1. At the time the Show Cause Order was entered an additional action was pending in the Northern District of Georgia. It has since been settled and dismissed. At the hearing on this matter, the Panel was advised by counsel for plaintiff Pruitt and defendant Southern that an action brought by Pruitt in the state courts of New York had been removed to the Southern District of New York. Since the hearing this action has been transferred to the Southern District of West Virginia under 28 U.S.C. § 1404(a), and is included on the attached Schedule A.

ants Southern Airways, Kollsman Instrument, Corp., and the United States of America. At the hearing on this matter counsel for one plaintiff, Pruitt, also appeared.

■ Of the responding parties, only the United States favors transfer of the litigation under Section 1407. We have, nevertheless, concluded that the questions of fact common to all actions concerning the cause of the crash make them appropriate for pretrial assignment to a single judge. Here, as in other air disaster litigation, transfer under Section 1407 will avoid potential duplication of pretrial effort, serving the convenience of parties and witnesses and advancing the just and efficient conduct of the actions. See e. g., In re Air Crash Near Denver, Colorado, 339 F.Supp. 415 (J.P. M.L. February 29, 1972); In re Air Crash Disaster at Las Vegas, Nevada, 336 F.Supp. 414 (J.P.M.L.1972).

Southern Airways contends that transfer of these actions is unnecessary. It has urged, since the filing of its initial response several months ago, that the passenger claims asserted in four of the cases in the Southern District of New York and in two cases in the District of New Jersey are settled and will soon be dismissed. And it maintains that the third party actions for indemnification filed by it against the United States in the two New Jersey actions should not be included in any transfer because they involve questions of law different from those raised by the passenger claims against Southern. For this reason Southern urges that only five actions are involved and notes that three of those five are brought by the same plaintiff, reducing the actual number of lawsuits involved to two.[2] And

although it would like to see both of these two passenger claims transferred to the Southern District of West Virginia, where the crash occurred, Southern requests the Panel to defer action so that it can seek transfer for all purposes under 28 U.S.C. § 1404(a).[3]

Counsel for plaintiff Pruitt adopts the arguments of Southern concerning the number of actions actually involved. He also argues that the liability issue is relatively uncomplicated and that the litigation is not sufficiently complex to warrant the Panel's attention. Defendant Kollsman Instrument Corp. also opposed transfer in a response filed with the Panel, asserting that it is a defendant in the Eastern District of New York action only and that this litigation is not the type contemplated for transfer by the statute.

We reject the logic of Southern Airways and Pruitt in concluding that only two actions are pending here. In spite of the assurances of Southern that six of the passenger claims have been settled, none of them have been dismissed. And, although three of the remaining actions are brought by the same plaintiff, there is still a risk of duplication of effort in those actions.

■■ We also reject the argument that Southern Airways' third-party claims against the United States should not be transferred for pretrial proceedings with the passenger claims. There are admittedly different questions of law involved in these two categories of claims, but Section 1407 requires the existence of common questions of fact, not common questions of law. Both types of claims involve the common factual background concerning the events surround-

---

2. The three actions brought by the same plaintiff are: Elizabeth Pruitt v. Southern Airways, Inc., E.D.Ky., Civil Action No. 1039; Elizabeth Pruitt v. Southern Airways, D.D.C., Civil Action No. 2274–71; Elizabeth Pruitt v. Southern Airways, Inc., S.D.W.Va., Civil Action No. 2963.

Southern contends that Pruitt will ultimately proceed with only one of the three

suits and that the only other passenger claim not settled is that of plaintiff Nathan in *the Eastern* District of New York.

3. Since the hearing Southern has secured transfer of one of the Pruitt actions to West Virginia. *See n. 1, supra.*

ing the crash and will benefit from assignment to a single judge.

The United States has proposed the Southern District of West Virginia as the appropriate transferee forum for this litigation and, while Southern Airways disputes the number of cases to be transferred and prefers transfer for all purposes, it argues that West Virginia is the most logical situs for the litigation. Opposition to this choice comes from plaintiff Pruitt, who asserts that the Southern District of West Virginia is an inconvenient forum for the parties and witnesses to this litigation and suggests that the cases be sent to a metropolitan area, such as the Southern District of New York or the District of Columbia.

■ Our past decisions have generally assigned air crash litigation to the district in which the crash occurred, unless the facts of a particular litigation made another district more appropriate. In re Air Crash Near Denver, Colorado, *supra*; In re Air Crash Disaster at Las Vegas, Nevada, *supra.* No reason has been shown for deviating from the general rule in this case. Nor can we see any reason for deferring our decision until Southern has attempted to secure transfer of the cases to the Southern District of West Virginia under 28 U.S. C. § 1404(a). As we have already stated, all of these actions should be transferred, not just the two referred to by Southern. And our order of transfer under Section 1407 will not preclude Southern from later applying to the appropriate court for transfer of any action for all purposes under 28 U.S.C. § 1404(a).[4]

It is therefore ordered that all actions listed on the attached Schedule A be, and the same hereby are, transferred to the Southern District of West Virginia and, with the consent of that court, assigned to the Honorable K. K. Hall for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

### SCHEDULE A

**District of New Jersey**

| | |
|---|---|
| Maja Harris, etc. v. Southern Airways | Civil Action No. 1655–70 |
| Maja Harris, etc. v. Southern Airways | Civil Action No. 1670–70 |

**Southern District of New York**

| | |
|---|---|
| Phyllis Anne Loria, etc. v. Southern Airways, Inc., et al. | Civil Action No. 70 Civ 5278 |
| Yolanda Gloria Shoebridge, etc. v. Southern Airways, Inc., et al. | Civil Action No. 71 Civ 257 |
| Marie C. Gilmore, etc. v. Southern Airways, Inc., et al. | Civil Action No. 71 Civ 245 |
| Israel Lajterman, etc. v. Southern Airways, Inc., et al. | Civil Action No. 71 Civ 246 |

**Eastern District of New York**

| | |
|---|---|
| George J. Nathan, etc. v. Southern Airways, et al. | Civil Action No. 71 C 1158 |

**Eastern District of Kentucky**

| | |
|---|---|
| Elizabeth Pruitt, etc. v. Southern Airways, Inc. | Civil Action No. 1039 |

**District of Columbia**

| | |
|---|---|
| Elizabeth Pruitt, etc. v. Southern Airways, Inc. | Civil Action No. 2274–71 |

**Southern District of West Virginia**

| | |
|---|---|
| Elizabeth Pruitt, etc. v. Southern Airways, Inc. | Civil Action No. 2963 |

---

4. *See e.g.,* In re Antibiotic Antitrust Actions, 333 F.Supp. 299 (S.D.N.Y.) pet. for writ of mandamus denied sub nom. Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971) ; Jack Winter, Inc. v. Koratron Co., 326 F.Supp. 121 (N.D.Cal.1971) ; In re Koratron Patent Litigation, 302 F.Supp. 239 (J.P.M.L.1969) ; In re Mid-Air Collision Near Fairland, Indiana, 309 F.Supp. 621 (J.P.M.L.1969).