**In re AIR CRASH DISASTER NEAR ATLANTIC CITY, NEW JERSEY, ON JULY 26, 1969.**

**No. 114.**

Judicial Panel on Multidistrict Litigation.
Jan. 8, 1973.

## OPINION AND ORDER

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

On July 26, 1969, a TWA Boeing 707 Aircraft crashed at the National Aviation Facilities Experimental Center near Atlantic City, New Jersey. The ill-fated flight was being conducted as a refresher training program, in accordance with FAA regulations, for five TWA crew members, the only persons aboard the aircraft. All five were fatally injured in the crash. Four actions on behalf of the decedents have been brought against The Boeing Company in the Northern District of California and one in the Western District of Washington. An action against TWA has also been commenced in the District of New Jersey by a ground serviceman injured as a result of the crash. In the New Jersey action, TWA has filed a third-party complaint against Boeing, seeking indemnity and a recovery in excess of five million dollars for the loss of its aircraft.

TWA moves the Panel for an order transferring all actions to the District of New Jersey for coordinated or consolidated pretrial proceedings. Defendant Boeing opposes transfer. The California and Washington plaintiffs agree that consolidation of all cases is necessary but disagree with the suggestion that the District of New Jersey is the most appropriate transferee forum. On the basis of the papers filed and the hearing held, we find that these multidistrict actions present common questions of fact and that for the convenience of the parties and witnesses and the just and efficient conduct of the litigation the New Jersey and California actions must be transferred to the Western District of Washington for coordinated or consolidated pretrial proceedings with the action pending there.

Third-party plaintiff TWA and plaintiffs in the actions pending in Washington and California allege that Boeing was negligent either in designing or manufacturing the airplane that crashed or in issuing instructions and information for its use and operation. Discovery undertaken by these parties will proceed along similar lines of inquiry, involving the same documents and common witnesses. In order to avoid duplication of discovery efforts and inconvenience to parties and witnesses, consolidation of these actions for pretrial proceedings in a single district is necessary.

Although the ground serviceman's suit pending in New Jersey is only against TWA, it seems preferable to transfer the entire New Jersey action. The transferee judge is in the best position to determine the extent to which the ground serviceman's action will benefit from participation in the coordinated or consolidated pretrial proceedings and he can notify the Panel when that action is ready for remand to the District of New Jersey for further proceedings.[1]

Although we generally assign air disaster litigation to the district in which

---

[*] Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

1. See amended Rule 15 of Rules of Procedures of the Judicial Panel on Multidistrict Litigation, 55 F.R.D. LI (1972).

the crash occurred,[2] we are convinced that the Western District of Washington is the most appropriate transferee forum for this litigation. A significant amount of discovery has been completed in the action pending in that district and the court has had the opportunity to become familiar with the issues raised in these actions and will be able to expeditiously process the remaining discovery. In addition, all the documents and witnesses of Boeing relevant to the design and manufacture of the airplane and the formulation of operating instructions and procedures are located in Washington. And since it is unlikely that further lawsuits arising out of this crash will be filed, the Western District of Washington is the most convenient forum for the majority of parties and witnesses in this litigation.

It is therefore ordered that the actions on the attached Schedule A pending in the District of New Jersey and the Northern District of California be, and the same hereby are, transferred to the Western District of Washington and assigned to the Honorable William N. Goodwin for coordinated or consolidated pretrial proceedings with the action pending there, pursuant to 28 U.S.C. § 1407.

### SCHEDULE A

#### District of New Jersey

| | |
|---|---|
| William S. Lemons, Jr., et al. v. Trans World Airlines, Inc. | Civil Action No. 996–71 |

#### Northern District of California

| | |
|---|---|
| Roma Curran, etc. v. The Boeing Co. et al. | Civil Action No. C–70–616–AJZ |
| Maureen Curtin etc. v. The Boeing Co. et al. | Civil Action No. C–70–250–AJZ |
| Nancy Gustavson v. The Boeing Co. et al. | Civil Action No. C–70–97–AJZ |
| Barbara Manbeck, etc., v. The Boeing Co. et al. | Civil Action No. C–70–204–AJZ |

#### Western District of Washington

| | |
|---|---|
| Nancy J. Sklarin, etc. v. The Boeing Co. et al. | Civil Action No. 30–72–C2 |

2. *See, e. g.,* In re Air Crash Disaster at Huntington, West Virginia on November

14, 1970, 342 F.Supp. 1400 (Jud.Pan. Mult.Lit.1972).