**In re AIR CRASH DISASTER AT CHATTANOOGA, TENNESSEE, ON NOVEMBER 27, 1973.**

**No. 200.**

Judicial Panel on Multidistrict Litigation.

April 17, 1975.

As Amended April 22, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## PER CURIAM.

On November 27, 1973, a Delta Airlines DC–9 jet aircraft en route from Atlanta, Georgia, to Chattanooga, Tennessee, crashed while making an approach to the Chattanooga, Tennessee, Municipal Airport. As a result of the crash, 38 passengers and four crew members were injured; there were no fatalities. Seven actions arising from the incident are currently pending in two different districts: six in the Eastern District of Tennessee and one in the Middle District of Florida.

Defendant Delta moves the Panel for an order transferring the Florida action to the Eastern District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to Section 1407 with the actions already pending there. No one opposes the motion. On the basis of the papers filed, we find that these actions involve common questions of fact and that transfer of the Florida action to the Eastern District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

As is usually the case in multidistrict air disaster litigation, common factual questions abound among these actions on the issue of liability. Thus, Section 1407 proceedings will prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings.

We have generally assigned air crash litigation to the district in which the crash has occurred. *See, e. g.,* In re Florida Everglades Air Disaster Litigation, 360 F.Supp. 1394, 1395 (Jud.Pan. Mult.Lit.1973); In re Huntington, West Virginia, Air Disaster Litigation, 342 F.Supp. 1400, 1403 (Jud.Pan.Mult.Lit. 1972). There is no reason to deviate from that general rule in this litigation. The crash occurred within the Eastern District of Tennessee and many of the relevant documents and anticipated witnesses, including all of the ground and most of the passenger eyewitnesses, are located there.

It is therefore ordered that the action listed on the attached Schedule A and pending in the Middle District of Florida be, and the same hereby is, transferred to the Eastern District of Tennessee and, with the consent of that court, assigned to the Honorable Frank W. Wilson for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A that are pending in that district.

### SCHEDULE A

**Middle District of Florida**

| | |
|---|---|
| J. T. Roberts, Sr. v. Delta Air Lines, Inc. | Civil Action No. 74–700 Civ. T.K. |

**Eastern District of Tennessee**

| | |
|---|---|
| L. H. McWhirter v. Delta Air Lines, Inc. | Civil Action No. 1–74–207 |
| Clemencia & Irving Sackariasen v. Delta Air Lines, Inc. | Civil Action No. 1–74–220 |
| G. T. Sikes v. Delta Air Lines, Inc. | Civil Action No. 1–75–4 |
| James Ralph Bonner v. Delta Air Lines, Inc. | Civil Action No. 1–74–230 |
| Franklin L. Haney v. Delta Air Lines, Inc. | Civil Action No. 1–74–219 |
| Robert A. Applewhite v. Delta Air Lines, Inc. | Civil Action No. 1–74–221 |