764 F.2d 515
 2 Fed.R.Serv.3d 561
 In re FLIGHT TRANSPORTATION CORPORATION SECURITIES LITIGATION.
Petition of FOX & CO. and Opperman & Paquin.
Petition of NORWEST BANK MINNEAPOLIS, N.A., and Norwest Bank
Calhoun-Isles, N.A.
 Nos. 85-1057, 85-5023.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 28, 1985.*
Decided June 12, 1985.
 
 Daryle L. Uphoff of Minneapolis, Minn., for Fox and Co.
 Duane Krohnke of Minneapolis, Minn., for Norwest Banks.
 Lowell Sachnoff of Chicago, Ill., for the claimants.
 Robert Mills of Washington, D.C., for the S.E.C.
 Before BRIGHT, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Petitioners ask this Court to grant a writ of mandamus or prohibition directing the District Court[1] to vacate its order transferring these consolidated actions from the District of Minnesota to the Eastern District of Pennsylvania.[2] We hold that the District Court exceeded its power in ordering transfer "only for the purposes of trial" and therefore direct the clerk to issue a writ of mandamus.
 
 
 2
 The present litigation involves some 52 cases that arose from two stock offerings of Flight Transportation Corporation and its subsequent bankruptcy.[3] On November 2, 1982, the Judicial Panel on Multidistrict Litigation transferred these cases to the District of Minnesota for pretrial proceedings pursuant to 28 U.S.C. Sec. 1407 (1982). On December 20, 1984, the District Court transferred all 52 cases, most of which originated in the District of Minnesota, to the Eastern District of Pennsylvania under 28 U.S.C. Sec. 1404(a) (1982).[4] The court specifically stated that the transfer was granted "only for the purposes of trial," In re Flight Transportation Corp. Securities Litigation, No. 4-82-874, slip op. 4 (D.Minn. Dec. 20, 1984), and directed the parties to continue to file all documents with the Clerk of the United States District Court for the District of Minnesota.[5]
 
 
 3
 Petitioners object to the transfer on grounds of inconvenience and injustice to the parties. They also claim that some of the consolidated actions could not have been originally brought in the Eastern District of Pennsylvania. However, at oral argument a question arose as to whether the District Court had the power under Sec. 1404 to transfer the cases "only for the purposes of trial," and we directed the parties to file supplemental briefs addressing this question. These briefs have been filed, and we now hold that the District Court was without power under Sec. 1404(a) to order transfer for the limited purpose of holding trial in the Eastern District of Pennsylvania.
 
 
 4
 The District Court's order in effect seeks to transfer the place of trial from Minneapolis to Philadelphia, but retain jurisdiction for all other purposes in the District of Minnesota. Section 1404(a) does not authorize such a limited transfer. It is well established that the transferor court under Sec. 1404 loses all jurisdiction over a case once transfer has occurred. See In re Nine Mile Limited, 673 F.2d 242, 243 (8th Cir.1982) (per curiam); 15 Wright, Miller, & Cooper, Federal Practice and Procedure Sec. 3846, pp. 228-29 (1976). Thus, once transfer to the Eastern District of Pennsylvania occurs, the District of Minnesota would lose all jurisdiction, and any appeals thereafter would go to the Third Circuit, not to us. Since the District Court's order attempts both to transfer the cases to Pennsylvania and to retain jurisdiction in Minnesota, it exceeds the transfer power conferred under Sec. 1404(a). That section contemplates a plenary transfer, and so far as we know a transfer for purposes of trial only is an animal unknown to the law.[6]
 
 
 5
 Fed.R.Civ.P. 77(b) fortifies us in this conclusion. The Rule provides that "no hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby." It is true enough, as respondents say, that a rule of procedure should not be construed to restrict or enlarge the statutes pertaining to venue, see Fed.R.Civ.P. 81; but it is also true that the venue statutes, including Section 1404(a), should be construed so far as reasonably practicable not to conflict with the Rules of Civil Procedure. Such a harmonious construction is easy here: nothing in Section 1404(a) even remotely approaches a negation of Rule 77, and no case has ever interpreted the statute to authorize the sort of "transfer" at issue here.
 
 
 6
 Respondents argue that In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Hanover, New Hampshire, 342 F.Supp. 907 (D.N.H.1971), supports the District Court's action. We do not so read the case. In the Hanover case, the court transferred several cases which originated outside of the District of New Hampshire to that district for consolidated trial on the issue of liability. The transfer of the liability issue to the District of New Hampshire was not, as here, for the limited purpose of trial. Rather, it was for all purposes, in that all filings and appeals as to that issue were to occur in the District of New Hampshire and the First Circuit.
 
 
 7
 The clerk is directed to issue a writ of mandamus directing the District Court to vacate its order transferring this litigation for trial only to the Eastern District of Pennsylvania.
 
 
 8
 It is so ordered.
 
 
 
 *
 This case was argued on March 14, 1985. The last post-argument brief was filed on March 28, 1985
 
 
 [1]
 The Hon. Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation as a United States District Judge for the District of Minnesota
 
 
 [2]
 The present petitioners are Fox & Company, Norwest Bank Minneapolis, N.A., and Norwest Bank Calhoun-Isles, N.A. In addition, plaintiffs James W. Halbach, Robert W. Rhodes, and Charles M. Rogers filed a response to the petition in favor of granting the writ. Defendant Opperman & Paquin has withdrawn its petition for mandamus pending final approval by the District Court of a settlement reached between it and the plaintiffs. American Home Assurance Co., a respondent, has also withdrawn its objections to the venue transfer pending approval of a settlement reached between it and Opperman & Pacquin
 
 
 [3]
 For a detailed history of this litigation, see In re Flight Transportation Corporation Securities Litigation, 730 F.2d 1128 (8th Cir.1984)
 
 
 [4]
 Title 28 U.S.C. Sec. 1404(a) (1982) provides:
 For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
 
 
 [5]
 In a post-argument brief filed on March 22, 1985, respondents known as "class plaintiffs" or "claimants" advised us that they intended to ask the District Court to amend its order to convert the transfer to one for all purposes, as is customary under Sec. 1404(a). They apparently filed such a motion shortly thereafter. More than two months have passed, and so far as we have been advised the motion is still pending. We therefore proceed to address the case in its present transfer-for-trial-only posture
 
 
 [6]
 No different result is required or authorized by the circumstance that the District Court got jurisdiction of some of these cases as a pretrial transferee forum under 28 U.S.C. Sec. 1407. Under that statute, transfer is for pretrial proceedings only, and when those proceedings are complete, the various cases, unless they have been sooner terminated or properly transferred under Sec. 1404(a), must return for trial to the courts in which they were originally brought. Respondents now seem to agree that 28 U.S.C. Sec. 1407 is not applicable to the order now under review. Letter Brief of Claimants, p. 1 (filed March 22, 1985)