61 F.3d 911
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LEXECON INC., et al., Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the DISTRICT OF ARIZONA, Respondent,
and
Milberg Weiss Bershad Hynes & Lerach, et al., Real Parties
in Interest.
 No. 95-70380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 17, 1995.
Decided July 21, 1995.
 
 1
 Petition for Writ of Mandamus in the United States District Court, for the District of Arizona, DC No. CV-93-1087-PHX; John M. Roll, District Judge, Presiding
 
 
 2
 D.Ariz.
 
 
 3
 PETITION DENIED.
 
 
 4
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges
 
 
 5
 MEMORANDUM*
 
 
 6
 In this petition for writ of mandamus, petitioners ask this court to: (1) vacate the district court's order which permanently transferred the above-entitled case to the District of Arizona pursuant to 28 U.S.C. Sec. 1404(a); and (2) direct the district court to remand this case to the Northern District of Illinois pursuant to 28 U.S.C. Sec. 1407. Petitioners also have filed a motion to stay the district court proceedings pending our decision. We deny the petition for writ of mandamus and deny the motion to stay as moot.
 
 
 7
 This court considers five factors in deciding whether a case is appropriate for mandamus relief: (1) whether the petitioner has no other adequate means, such as a direct appeal, to attain the relief desired; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error; and (5) whether the district court's order raises new and important problems, or issues of first impression. Bauman v. United States Dist. Court, 557 F.2d 650, 653 (9th Cir.1977). The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. Wash. Pub. Util. Group v. U.S. Dist. Court, 843 F.2d 319, 323 (9th Cir.1987) ("WPPSS").
 
 
 8
 Here, as to the first factor, we are not satisfied that petitioners cannot attain the relief they request on direct appeal. The case is scheduled for trial on July 25, 1995. The trial, we understand, will be of short duration. The transfer order can be appealed immediately along with other issues in the event the petitioners lose on the merits.
 
 
 9
 As to the second factor, petitioners contend the expense and inconvenience of what may be an unnecessary trial in the District of Arizona meets the second Bauman factor. They rely on Sunshine Beauty Supplies for the proposition that "the prejudice that results from an erroneous transfer order is of a type not correctable on appeal." Sunshine Beauty Supplies v. U.S. Dist. Court, 872 F.2d 310, 311 (9th Cir.1989).
 
 
 10
 Petitioners' reliance on Sunshine Beauty Supplies is misplaced. There, the district court's transfer order would have required the plaintiff, who sought confirmation of an arbitration award in the district court in California, to travel to Texas to present its claim. Here, the parties are already before the federal district court in Arizona and have been for more than a year as they pursued discovery. The district court's order transferring the present case to itself for trial simply leaves the parties where they are. It does not force them to go to another district to try their case. Petitioners have not shown how they would be prejudiced by conducting what is scheduled to be a four-day trial in the district where they have been litigating for more than a year. Cf. Varsic v. U.S. Dist. Ct., 607 F.2d 245, 252 (9th Cir.1979) (substantial prejudice shown by plaintiff who would have had to travel some 3,000 miles to prosecute his action).
 
 
 11
 As to the third factor, we cannot say the district court's order transferring this case to itself for trial is clearly erroneous as a matter of law. A question of law is clearly erroneous if we are left with the definite and firm conviction that a mistake has been made. United States v. Harper, 729 F.2d 1216, 1222 (9th Cir.1984). Here, petitioners contend the district court clearly erred by: (1) ignoring 28 U.S.C. Sec. 1407, which instructs that the case be remanded for trial to the Northern District of Illinois; and (2) transferring the case to itself under 28 U.S.C. Sec. 1404(a).
 
 
 12
 We are not prepared to say that these contentions lack merit. However, despite what appears to be a clear statutory mandate, Multidistrict Litigation Rule 14(b) explicitly authorizes a transferee court to transfer the action to itself for trial pursuant to 28 U.S.C. Sec. 1404(a) and the district court's decision is supported by case law. See In Re Fine Paper Antitrust Litigation, 685 F.2d 810, 820 (3rd Cir.1982); Pfizer v. Lord, 447 F.2d 122, 125 (2d Cir.1971); see also WPPSS at 326 (transferee court has authority to sua sponte change venue). Further, petitioners have cited no case law to the contrary. Although upon review on direct appeal, we might well reach the opposite result, it is not possible for us to hold at this juncture that the district court's decision is clearly erroneous. See Harper, 729 F.2d at 1222. In any direct appeal the merits panel is free to examine all of the issues.
 
 
 13
 Although there may be oft-repeated error in other circuits, petitioners do not demonstrate how the fourth Bauman factor applies in this circuit. While the fifth factor may be met, we conclude that in this case resolution is available on direct appeal in a setting more conducive to adequate briefing and full deliberation. We see no emergent need for instant resolution.
 
 
 14
 Accordingly, the petition for writ of mandamus is DENIED. The motion to stay is denied as moot.
 
 
 15
 KOZINSKI, Circuit Judge, dissenting.
 
 
 16
 I would grant the writ to correct an egregious, oft-repeated error in the interpretation of 28 U.S.C. Secs. 1404, 1407. Section 1407(a) authorizes the Multidistrict Panel to transfer cases for pretrial proceedings; after those proceedings are completed, and before trial, "[e]ach action so transferred shall be remanded by the panel." (emphasis added). It's hard to imagine a clearer statutory command, or one more widely ignored.
 
 
 17
 Starting with the Second Circuit's summary treatment in Pfizer, Inc. v. Lord, 447 F.2d 122, 124-25 (2d Cir.1971), the federal courts have simply disregarded the statutory mandate. Pfizer and a few subsequent cases have recognized they weren't following the statute, but justified their departure on grounds of policy or convenience. See, e.g., Pfizer, 447 F.2d at 124-25 (rejecting as absurd a result that would delay section 1404(a) motions until after remand); In re Air Crash Disaster Near Hanover, New Hampshire, 342 F.Supp. 907, 909 (D.N.H.1971) ("I must recognize candidly that there is nothing in the language of 28 U.S.C. Sec. 1407(a) or 1404(a) which directly allows, or even suggests, that the transferee judge has the power to transfer cases to his district, or any district, for purposes of trial."). Most have simply taken their place at the head of an ever-growing string cite. The Multidistrict Panel went so far as to enshrine this unlawful practice into one of its rules, J.P.M.L.R.P. 14(b), and the Federal Judicial Center's Manual for Complex Litigation (Third) Sec. 21.61 (1995), mentions it as a standard option. Seldom have so many been so consistently wrong.
 
 
 18
 The time has come to put a stop to this illicit practice by saying loud and clear that the Multidistrict Panel assigns cases only for pretrial proceedings; it doesn't grant proprietary rights in them. Indeed, I consider it unseemly for district judges who have been entrusted cases for limited purposes to routinely glom onto them. It's true that section 1407(a) gives transferee courts power over pretrial proceedings and venue transfer motions under section 1404(a) fall under that general heading. But this presents no irreconcilable conflict between sections 1404 and 1407: Pretrial proceedings under 1407 are obviously limited to those raising issues common to other cases, primarily discovery; that's the entire point of the multidistrict process. Under section 1407, the Multidistrict Panel retains the power to transfer the case and that power is carefully limited to accomplish the statute's purpose. This precludes use of the general transfer section by district judges to subvert the panel's responsibility.
 
 
 19
 Section 1407 reflects an important policy choice: Cases may be transferred to remote locations, but only for the duration of pretrial procedures. When it comes to conducting a trial (and resolving other dispositive matters) plaintiffs retain their ancient right to select the forum. Had Congress meant to empower the Multidistrict Panel to reassign cases for resolution of dispositive matters, including trial, it would have drafted the statute much differently. This is a policy choice federal judges are bound to respect, regardless of their views of efficiency or their fondness for particular cases.
 
 
 20
 Petitioners here were dragged hundreds of miles from their home district in Illinois to appear before a judge in Arizona who had no familiarity with the case or expertise in the issues; they participated in no common proceedings; they benefitted from no coordinated discovery; and they are now forced to go to trial in the remote district because, having needlessly been required to spend so much time in Arizona, it makes no sense to send them back. There's a warped logic to each step in this process, but the net effect is to undercut the important policy of section 1407. That the matter comes up on appeal so seldom--and will likely be washed out by trial or settlement before it can come to us again in this case--makes it the more urgent for us to resolve the issue and put an end to an illicit practice that has developed willy-nilly during the last quarter century. If not we, who? If not now, when?
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3