**In re AIR CRASH DISASTER AT FLORIDA EVERGLADES ON DECEMBER 29, 1972.**

**No. 139.**

Judicial Panel on Multidistrict Litigation.
June 28, 1973.

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER[*], JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

On December 29, 1972, an Eastern Airlines jet en route from New York City to Miami, Florida, crashed in the Florida Everglades, fatally injuring 96 of the 161 passengers. At the present time, fourteen actions arising from the crash have been filed in the Southern District of Florida, nine in the Southern District of New York and three in the Eastern District of New York.

Defendants Eastern Airlines and Lockheed Aircraft Corporation have moved the Panel, pursuant to 28 U.S.C. § 1407, for an order transferring these actions to either Florida or New York for coordinated or consolidated pretrial proceedings. All responding parties agree that transfer of these actions to a single district is in the best interests of all concerned, but disagree as to which district is the most appropriate transferee forum. We find that these actions involve substantial common questions of fact and that transfer of the New York actions to the Southern District of Florida will insure that duplication of common discovery is avoided, serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

██ We have generally assigned air crash litigation to the district in which the crash occurred, unless the facts of a particular litigation made another district more appropriate. *See, e. g.*, In re Huntington, West Virginia, Air Disaster Litigation, 342 F.Supp. 1400 (Jud. Pan.Mult.Lit.1972); In re Denver, Colorado, Air Disaster Litigation, 339 F. Supp. 415 (Jud.Pan.Mult.Lit. 1972). There are no persuasive reasons for deviating from that general rule in this litigation. The crash occurred within the Southern District of Florida and the majority of the anticipated witnesses and relevant documents are located there. In addition, numerous actions have been filed in the Florida state courts and, through the cooperation of the parties and the state and federal court judges involved, discovery proceedings in the state court actions are being coordinated with the discovery in the Florida federal court actions. Transfer of all actions to the Southern District of Florida, therefore, will take advantage of this state-federal accommodation

---

[*] Although Judges Murrah and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

in discovery and will greatly enhance the expeditious processing of all actions arising out of the crash. *Cf.* In re Silver Plume, Colorado, Air Disaster Litigation, 352 F.Supp. 968, 969 (Jud. Pan.Mult.Lit.1972).

■ Anticipating the transfer of this litigation to Florida, certain New York counsel have requested that we order movants to reimburse them for reasonable travel expenses they will incur in connection with attending the pretrial proceedings in Florida. We deny the request on the ground that it is not within the scope of power conferred upon the Panel by 28 U.S.C. § 1407.

It is therefore ordered that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Peter T. Fay for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

## SCHEDULE A

### Southern District of Florida

| | |
|---|---|
| Lester Wallman v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–307–Civ.–PF |
| Navar Harika Estigarribia v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–86–Civ.–PF |
| George Gaudiello v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–303–Civ.–PF |
| Catherine Gaudiello v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–305–Civ.–PF |
| Marie Rego v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–304–Civ.–JLK |
| Marie Rego, etc. v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–306–Civ.–CA |
| Cornelius Leya v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73–441–Civ.–CA |
| Allen Weiss, et ux. v. Eastern Airlines Inc., et al. | Civil Action No. 73–478–Civ.–WM |
| Leon Leshay, etc. v. Eastern Airlines, et al. | Civil Action No. 73–479–Civ.–PF |
| Kuniko Goldgluss v. Eastern Airlines, et al. | Civil Action No. 73–516–Civ.–PF |
| Mary Placet v. Lockheed Corp., et al. | Civil Action No. 73–642–Civ.–CA |
| Arnold Bearman v. Lockheed Corp., et al. | Civil Action No. 73–643–Civ.–JLK |
| Norman Jackter v. Lockheed Corp., et al. | Civil Action No. 73–644–Civ.–WM |
| Verna Bieri v. Eastern Airlines, et al. | Civil Action No. 73–652–Civ.–JLK |
| Michael Saal, etc. v. Eastern Airlines, et al. | Civil Action No. 73–583–Civ.–CA |
| Ruth Schlesinger, etc. v. Eastern Airlines, et al. | Civil Action No. 73–578–Civ.–JLK |

SCHEDULE A—Continued

## Southern District of New York

| | |
|---|---|
| Toby Casadona v. Eastern Airlines | Civil Action No. 73 Civ. 514 |
| Richard D. Childs v. Eastern Airlines | Civil Action No. 73 Civ. 538 |
| Pasquale Lofano v. Eastern Airlines | Civil Action No. 73 Civ. 468 |
| Miquel Armando Junco v. Eastern Airlines and Lockheed Corp. | Civil Action No. 73 Civ. 196 |
| John Lofano, etc. v. Eastern Airlines | Civil Action No. 73 Civ. 467 |
| Walter L. Pollak v. Eastern Airlines | Civil Action No. 73 Civ. 539 |
| Dorothy Gordon, etc. v. Eastern Airlines | Civil Action No. 73 Civ. 1694 |
| Mary Cillis, etc. v. Eastern Airlines | Civil Action No. 73 Civ. 1695 |
| Evelyn Regalia v. Eastern Airlines | Civil Action No. 73 Civ. 1914 |

## Eastern District of New York

| | |
|---|---|
| Joseph Mazur v. Eastern Airlines | Civil Action No. 73 C 164 |
| Jesse Walker v. Eastern Airlines | Civil Action No. 73 C 52 |
| Max Nachmias, etc. v. Eastern Airlines | Civil Action No. 73 C 500 |