**In re DELTA AIRLINES CRASH AT BOSTON, MASSACHUSETTS, ON JULY 31, 1973.**

**No. 160.**

Judicial Panel on Multidistrict Litigation.

April 10, 1974.

---

\* Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

1. Plaintiffs in the action entitled Ann G. D'Arcy, etc. v. Delta Airlines, Inc., et al., S. D.N.Y., 73–Civ–5147, originally listed on

## OPINION AND ORDER

PER CURIAM.

On July 31, 1973, a Delta Airlines commercial aircraft crashed while on approach for landing at Logan International Airport in Boston, Massachusetts. More than 80 persons aboard perished as a result of the crash. Certain plaintiffs and defendant Delta Airlines move the Panel for an order transferring all the litigation arising out of the crash of that ill-fated flight to the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The majority of plaintiffs support transfer, but they disagree on which district is the most appropriate transferee forum.[1] On the basis of the briefs filed and the hearing held, we find that these actions contain common questions of fact and transfer of all the actions to the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All plaintiffs are asserting the liability of a common defendant arising out of the same crash and in our estimation this litigation presents a classic case for transfer under Section 1407. The only real dispute is over the appropriate transferee district. The majority of the crash victims resided in New Hampshire and Vermont and it has been argued that transfer to one of those districts would best serve the convenience of the parties and witnesses.

We have generally assigned air crash litigation to the district in which the crash has occurred. *See, e. g.,* In re Florida Everglades Air Disaster Litigation, 360 F.Supp. 1394, 1395 (J.P.M.L. 1973); In re Huntington, West Virginia, Air Disaster Litigation, 342 F.Supp.

Schedule A, opposed transfer of their action to the District of Massachusetts. Inasmuch as the Honorable Marvin E. Frankel has granted plaintiffs' motion to remand their action to the New York state court, the question of transfer of that action pursuant to Section 1407 is now moot.

1400, 1403 (J.P.M.L.1972). There are no persuasive reasons for deviating from that general rule in this litigation. The crash occurred within the District of Massachusetts, and many of the relevant documents and anticipated witnesses are located there.

We also emphasize that transfers under Section 1407 are for *pretrial* proceedings. The suggestion that it would, in these days of gasoline shortages, be unduly burdensome for Vermont and New Hampshire plaintiffs to travel to Boston for trial is completely unwarranted. We recognize, however, that in recent air disaster litigation processed under Section 1407 the issue of liability has been resolved in the transferee court. But any trial on the issue of damages has normally taken place in the transferor district where the witnesses and documents relevant to that issue are located.

It is therefore ordered that all the actions listed on the attached Schedule A pending in districts other than the District of Massachusetts be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Andrew A. Caffrey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district.

## SCHEDULE A

### District of Massachusetts

| | |
|---|---|
| Shirley Ann McKibben Penney, etc. v. Delta Air Lines, Inc., et al. | Civil Action No. 3–3897C |
| Patricia A. Longchamp, etc. v. Delta Air Lines, Inc., et al. | Civil Action No. 73–3898C |

## SCHEDULE A

### District of New Hampshire

| | |
|---|---|
| Carol W. MacArthur, et al. v. Delta Air Lines, Inc. | Civil Action No. 73–291 |
| Bayard W. Kennett, Adm. v. Delta Air Lines, Inc. | Civil Action No. C–74–21 |
| Dorothy C. Ruane, Adm. v. Delta Air Lines, Inc. | Civil Action No. C–74–22 |

### Middle District of Florida

| | |
|---|---|
| Marla J. Bailey, etc. v. Delta Air Lines, Inc., et al. | Civil Action No. 73–611 Civ. TK |

### Middle District of Tennessee

| | |
|---|---|
| Dewey W. Vincent, et al. v. Delta Air Lines, Inc. | Civil Action No. 73 Civ. 7133 |

### District of Vermont

| | |
|---|---|
| C. David Bassett, et al. v. Delta Air Lines, Inc. | Civil Action No. 73–338 |
| Barbara L. Thompson, etc. v. Delta Air Lines, Inc. | Civil Action No. 73–339 |
| Martina M. Metz v. Delta Air Lines, Inc. | Civil Action No. 73–340 |
| Nancy Lee Hanna, Adm. v. Delta Air Lines | Civil Action No. 73–341 |
| Martha S. Cameron, Adm. v. Delta Air Lines, Inc. | Civil Action No. 73–342 |
| Aletha G. Hubbell, Ext. v. Delta Air Lines | Civil Action No. 73–343 |
| Arthur D. Barnett, Adm. v. Delta Air Lines, Inc. | Civil Action No. 73–344 |
| Ronaldo Provost, Adm. v. Delta Air Lines, Inc. | Civil Action No. 73–345 |
| Andrea L. Holzscheiter, Adm. v. Delta Airlines, Inc. | Civil Action No. 73–355 |
| James Hoag, Adm. v. Delta Airlines | Civil Action No. 74–3 |
| Lyn D. Cummings, Adm. v. Delta Airlines | Civil Action No. 74–17 |
| Susan A. Knapp, Adm. v. Delta Airlines | Civil Action No. 74–20 |
| The Howard Bank, Exec. v. Delta Airlines, Inc. | Civil Action No. 74–21 |
| Donald R. Fleury, Adm. v. Delta Airlines | Civil Action No. 74–22 |
| Thomas P. Gosselin, Adm. v. Delta Airlines | Civil Action No. 74–23 |
| Brenda J. Theriault, Adm. v. Delta Airlines | Civil Action No. 74–32 |