**In re GENERAL ADJUSTMENT BU-REAU ANTITRUST LITIGATION.**

No. 127.

Albert C. HANNA v. GENERAL AD-JUSTMENT BUREAU, INC., N.D. Illinois, Civil Action No. 73 C 2209

James J. RYAN v. GENERAL ADJUST-MENT BUREAU, INC., E.D. Kentucky, Civil Action No. 1161

Judicial Panel on Multidistrict Litigation.

Feb. 23, 1973.

Opinion May 13, 1974.

## ORDER

It appearing that all parties to the actions listed on the attached Schedule A agree on the desirability of transferring the action pending in the Northern District of California to the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 with the action pending in that district before the Honorable Murray I. Gurfein and the Panel having found, upon the basis of the complaints and the papers submitted, that these actions involve common questions of fact and that transfer would serve the convenience of the parties and witnesses and further the just and efficient conduct of the litigation,

IT IS ORDERED that the action pending in the Northern District of California be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, is assigned to the Honorable Murray I. Gurfein for coordinated or consol-

idated pretrial proceedings under 28 U.S.C. § 1407 with the other action pending in that district and listed on Schedule A.

SCHEDULE A

**Southern District of New York**

| | |
|---|---|
| Professional Adjusting Systems of American, Inc., et al. v. General Adjustment Bureau, Inc. | Civil Action No. 72 Civ. 5122 |

**Northern District of California**

| | |
|---|---|
| Chambers & Barber, Inc. v. General Adjustment Bureau, Inc. | Civil Action No. 72–731–LHB |

Albert C. Hanna v. General Adjustment Bureau, Inc., N.D. Illinois, Civil Action No. 73 C 2209.

James J. Ryan v. General Adjustment Bureau, Inc., E.D. Kentucky, Civil Action No. 1161.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### PER CURIAM.

The above-captioned tag-along actions were conditionally transferred by the Panel to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings previously effectuated by the Panel under 28 U.S.C. § 1407. In re General Adjustment Bureau Antitrust Litigation, MDL–127 (J.P.M.L. February 23, 1973). Plaintiff in each action opposes transfer while plaintiffs in the actions in the transferee district oppose transfer of the *Hanna* action. Defendant advises that it does not have strong feelings about transfer of the *Hanna* action but favors transfer of the *Ryan* action. On the basis of the complaints and the briefs submitted, we find that both actions raise questions of fact common to the actions already pending in the transferee district and that their transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]

### I. Transfer of the Hanna Action

The *Hanna* action was filed in the Northern District of Illinois against a single defendant, General Adjustment Bureau, Inc. (GAB). Plaintiff had purchased a property damage insurance policy from Home Insurance Company, who is named in this action as a co-conspirator but not as a defendant. Home Insurance is a major stockholder of GAB and utilizes GAB's services for adjusting and settling almost all major claims.

Plaintiff alleges that defendant GAB and others conspired to unreasonably restrain trade in the business of adjustment and settlement of property damage claims in violation of the federal antitrust laws. It is further alleged that, as a result, plaintiff has paid an inflated price for insurance and has received too small an amount in the settlement of certain fire loss claims.

The parties opposing transfer argue that the *Hanna* action is distinguishable from the actions pending in the transferee district because plaintiff in *Hanna* is a purchaser of insurance while plaintiffs in the other actions are insurance adjusters who compete with GAB. It is asserted that *Hanna* involves questions concerning the price of insurance, the cost of adjusting and a conspiracy and monopoly confined to the Chicago area, whereas the actions in the transferee district involve questions of a national conspiracy and the amount of business that was allegedly foreclosed from the market.

In evaluating the propriety of transfer of an action under Section 1407, we must first ascertain whether common factual issues are present.

---

1. The parties to the *Hanna* and *Ryan* actions waived their right to oral argument and, at their request, the question of transfer of these actions under 28 U.S.C. § 1407 was submitted on the briefs.

Clearly, the *Hanna* action and the actions in the transferee district share many common questions of fact concerning GAB's alleged monopolistic position in the insurance adjustment industry. Transfer of the *Hanna* action for inclusion in the coordinated or consolidated pretrial proceedings will therefore prevent needless duplication of discovery which, in turn, will avoid unnecessary inconvenience to the parties and witnesses and promote just and efficient judicial administration.

■ And although *Hanna* may also involve unique discovery issues, particularly with regard to the damage issues, we have repeatedly indicated that the degree and manner of coordination or consolidation are within the sole discretion of the transferee judge. *See, e. g.,* In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384 (Jud.Pan.Mult.Lit., filed February 1, 1974).

## II.   *Transfer of the Ryan Action*

The *Ryan* action was filed against GAB in the Eastern District of Kentucky. Plaintiff, an independent adjuster, concedes that his action is substantially similar to the actions already pending in the transferee district, but argues that transfer will impose an extreme financial burden upon him and thwart public policy relating to the present energy crisis.

■■ We believe, however, that any additional expense to plaintiff will be more than offset by the elimination of duplicative effort which accrues from coordinated or consolidated pretrial proceedings. And it is likely that plaintiff will achieve a savings of expenses by pooling his efforts with the other plaintiffs in the transferee district. Moreover, plaintiff's suggestion that transfer under Section 1407 would contravene public policy regarding the energy situation is wholly without merit. *See also* In re Boston, Massachusetts, Air Disaster Litigation, 373 F.Supp. 1406, 1407 (Jud.Pan.Mult.Lit., filed April 10, 1974).

It is therefore ordered that the actions entitled Albert C. Hanna v. General Adjustment Bureau, Inc., N.D.Illinois, Civil Action No. 73 C 2209 and James J. Ryan v. General Adjustment Bureau, Inc., E.D.Kentucky, Civil Action No. 1161 be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Murray I. Gurfein for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.