### In re U. S. FINANCIAL SECURITIES LITIGATION.

### No. 161.

Judicial Panel on Multidistrict Litigation.

June 6, 1974.

Before ALFRED P. MURRAH *, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

This litigation concerns the affairs of U. S. Financial, Inc., a multifaceted real estate company, and consists of ten private actions in five different districts. Plaintiffs allege that U. S. Financial and certain closely related companies and individuals violated the federal securities laws by furnishing false and misleading information about U. S. Financial to the investing public. Many of the actions contain requests for class designations on behalf of persons who

---

* Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

purchased various types of U. S. Financial securities.

Certain defendants move the Panel for an order transferring all actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Another defendant has countermoved for an order transferring these actions to the Southern District of California. All responding parties favor transfer of this litigation and the only disputed issue is the choice of the appropriate transferee forum. We find that these actions involve common questions of fact and that their transfer under Section 1407 to the Southern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

As is often the case in multidistrict securities litigation, the prevalence of common factual issues and similar class allegations necessitates transfer of all actions to a single district for coordinated or consolidated pretrial proceedings under Section 1407 in order to prevent duplication of discovery and eliminate the possibility of inconsistent or overlapping class determinations. *See, e. g.,* In re Clinton Oil Company Securities Litigation, 368 F.Supp. 813 (Jud.Pan. Mult.Lit.1973). We agree with the parties that this litigation falls within that norm.

The Southern District of California, rather than the Southern District of New York, is clearly the most appropriate transferee forum for this litigation. U. S. Financial's corporate headquarters are located in the Southern District of California and, as a result, the vast majority of relevant documents and anticipated witnesses are located there. In addition, there are several actions pending in California state courts that share common factual issues with the federal actions. Thus, the opportunity for the state and federal courts to coordinate discovery programs is an additional reason favoring transfer of this litigation to California. *See* In re Silver Plume, Colorado, Air Disaster Litigation, 352 F.Supp. 968, 969 (Jud.Pan.Mult.Lit. 1972); cf. In re Florida Everglades Air Disaster Litigation, 360 F.Supp. 1394, 1395–1396 (Jud.Pan.Mult.Lit.1973). Furthermore, U. S. Financial is involved in a Chapter XI reorganization proceeding in the Southern District of California and many of the documents relevant to that proceeding will also be involved in this litigation.

It is therefore ordered that all actions listed on the attached Schedule A pending in districts other than the Southern District of California be, and the same hereby are, transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Howard B. Turrentine for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A which are already pending in that district.

### SCHEDULE A

#### Southern District of New York

| | |
|---|---|
| Penn Mart Realty Company v. U. S. Financial, Inc., et al. | Civil Action No. 72 Civ. 5286 |
| Michael Fabrikant v. Robert G. Stewart, et al. | Civil Action No. 73 Civ. 3680 |
| Michael Fabrikant v. Robert G. Stewart, et al. | Civil Action No. 73 Civ. 4897 |
| Decatur Income Fund, Inc. et al. v. Touche, Ross & Co., et al. | Civil Action No. 73 Civ. 4896 |
| Lutheran Brotherhood v. Touche, Ross & Co., et al. | Civil Action No. 73 Civ. 5042 |

#### Northern District of Ohio

| | |
|---|---|
| First National Bank of Toledo, et al. v. U. S. Financial Inc., et al. | Civil Action No. C73–398 |

#### Northern District of Texas

| | |
|---|---|
| Great Commonwealth Life Insurance Co. v. R. H. Walter, et al. | Civil Action No. CA–3–7685E |

#### Western District of Pennsylvania

| | |
|---|---|
| Mellon Bank, N. A., et al. v. Touche, Ross & Co., et al. | Civil Action No. 73–981 |

#### Southern District of California

| | |
|---|---|
| William D. Foote v. R. H. Walter, et al. | Civil Action No. 73–508–S |
| John Page Risque v. Robert H. Walter | Civil Action No. 73–312–T |