**In re AIR CRASH DISASTER AT PAGO PAGO, AMERICAN SAMOA, ON JANUARY 30, 1974.**

**No. 176.**

Judicial Panel on Multidistrict Litigation.
Oct. 16, 1974.

Before ALFRED P. MURRAH,* Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,* JOSEPH S. LORD, III and STANLEY A. WEIGEL,** Judges of the Panel.

** Judge Weigel recused himself and took no part in the consideration or decision of this matter.

## OPINION AND ORDER

PER CURIAM.

On January 30, 1974, a Pan American World Airways commercial aircraft, manufactured by the Boeing Company, crashed while on approach for landing at Pago Pago, American Samoa. Twenty-eight actions arising out of the crash have been filed in four different districts. Certain plaintiffs move to have all actions stemming from the crash transferred to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All responding parties favor the transfer of these actions to a single district for such pretrial proceedings.

We find that these actions involve common questions of fact and that their transfer to the Central District of California, pursuant to Section 1407, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The sole dispute amongst the parties is which forum is the most appropriate transferee district. All of the plaintiffs favor the Central District of California. They argue that the aircraft involved in this litigation was certified by the Federal Aviation Administration, Western Regional Branch, headquartered in the Los Angeles area, and that many of the relevant documents, files, records and witnesses dealing with the certification question are located there.

The Boeing Company contends that all actions should be transferred to the Western District of Washington, where the relevant witnesses and documents relating to plaintiffs' claims of alleged defective design and manufacture of the aircraft are situated. As an alternative, Pan American argues that all actions should be transferred to the Northern District of California, where Pan American performed servicing and maintenance on the aircraft and trained its crews.

It can fairly be said that any of these three districts could be designated as the transferee forum for this litigation without seriously inconveniencing any of the parties or their witnesses. But there are several considerations influencing the efficient conduct of this litigation that warrant transfer of all actions to the Central District of California. Pursuant to 28 U.S.C. § 292(b), the Chief Judge of the Ninth Circuit has designated Senior Judge Peirson M. Hall of the Central District of California to sit as a district judge in both the Northern District of California and the Western District of Washington and has assigned to him all actions in those districts and in the Central District of California arising out of this air crash for purposes of pretrial and trial proceedings. If we were to transfer all actions in this litigation to either the Northern District of California or the Western District of Washington, Judge Hall would, of course, receive the Section 1407 assignment.[1] Judge Hall, however, with the cooperation of all counsel, has established a discovery schedule for all actions now pending before him and is busily supervising the litigation from his chambers in Los Angeles. Therefore, while transfer of all actions to the Central District of California would not unduly inconvenience any of the parties or their witnesses, it would be most convenient to Judge Hall because he will be able to conduct all of his pretrial conferences in Los Angeles.

Moreover, all pleadings and other papers in connection with this litigation are presently sent to Judge Hall in Los Angeles. A Section 1407 transfer of all actions to any district other than the Central District of California would require two separate files to be maintained, one in Los Angeles for Judge Hall's convenience and another in the transferee district, and would generally disrupt the orderly system heretofore established by Judge Hall to supervise the pretrial processing of this litigation.

---

1. A Section 1407 order, of course, only applies to pretrial proceedings.

It is therefore ordered that all actions listed on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

**Central District of California**

| | |
|---|---|
| Pamela Frances Hoffman, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–676–PMH |
| National Bank of Commerce, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–677–PMH |
| Cathy Ann Giles, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–424–PMH |
| Dick A. Smith v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–606–PMH |
| Robert Peyton v. The Boeing Co. | Civil Action No. CV–74–830–PMH |
| Laurence B. Green, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–957–PMH |
| Michael Joseph Havlick, et al. v. Pan American World Airways, et al. | Civil Action No. CV–74–1125–PMH |
| Chong Wong, et ux. v. Pan American World Airways, et al. | Civil Action No. CV–74–1220–PMH |
| Chief Tanuvasa Saifolio Amperosa, et al. v. Pan American World Airways, et al. | Civil Action No. CV–74–1221–PMH |
| Tuipala Sale, et ux. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1222–PMH |
| Valelia Anu'u v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1223–PMH |
| Chief Tiatia Tiololo, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1224–PMH |
| Saulo Setali v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1225–PMH |
| Molly Allen v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1226–PMH |
| Chief Tagaloa Mikaleae Ahkam, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1227–PMH |
| Roger Cann, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1345–PMH |
| Janet P. Bonham, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1346–PMH |
| Yvette Cotte, et al. v. The Boeing Co. | Civil Action No. CV–74–1362–PMH |
| Robert H. Kinderman, Jr., et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1468–PMH |
| Selwyn N. Hetherington, etc. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1481–PMH |
| Hermann Muenster, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1494–PMH |
| Anitele'a Matautia, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. CV–74–1539–PMH |

**Northern District of California**

| | |
|---|---|
| Vuna Pahulu, et al. v. Pan American World Airways, Inc., et al. | Civil Action No. C74–555–SAW |
| Dean Arthur Phillips, et al. v. The Boeing Co. | Civil Action No. C74–1228–RHS |
| Richard V. Gaines II, et al. v. The Boeing Co. | Civil Action No. C74–1227–RHS |

**Western District of Washington**

| | |
|---|---|
| National Bank of Commerce v. Pan American World Airways, Inc., et al. | Civil Action No. C74–166S |

**District of Utah**

| | |
|---|---|
| Pamela Frances Hoffman, et al. v. Betty Petersen, et al. | Civil Action No. C–74–141 |
| National Bank of Commerce, etc. v. Betty Petersen, et al. | Civil Action No. C–74–142 |