### In re U. S. FINANCIAL SECURITIES LITIGATION.

*Société Générale de Banque, et al. v. Touche, Ross & Co.*, S.D. New York, Civil Action No. 74 Civ. 3120.

### No. 161.

Judicial Panel on Multidistrict Litigation.

Dec. 2, 1974.

See also, D.C., 64 F.R.D. 76, 64 F.R.D. 443.

## OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Southern District of California and, with the consent of that court, assigned them to the Honorable Howard B. Turrentine for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to involve factual issues common to the previously-transferred actions, the Panel ordered the parties to show cause why this action should not likewise be transferred to the Southern District of California. Only plaintiffs oppose transfer.

We find that this tag-along action involves questions of fact common to the actions previously transferred to the Southern District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

This action was instituted in the Southern District of New York. The plaintiff purports to represent a class consisting of holders of nine percent bearer debentures issued by U. S. Financial Overseas (USFO) and guaranteed by its parent corporation, U. S. Financial (USF). Touche, Ross & Co., the only defendant in the action, is charged with violating the federal securities laws by improperly auditing USF and by certifying false financial statements of USF.

Plaintiffs contend that there are substantial differences between this action and the previously-transferred actions, which militate against the transfer of this action to the Southern District of California. They assert that they will derive little benefit from transfer because their discovery will be directed exclusively toward Touche, Ross and will focus on an earlier period of time than that involved in the previously-transferred actions. In addition, plaintiffs argue that, unlike the other actions in this litigation, all of the acts and transactions resulting in the issuance of the securities involved in this action occurred in the Southern District of New York and, therefore, a majority of the discovery will occur there. Indeed, they contend that because of the narrow confines of their claims it would be counter-productive to transfer the action and embroil them in irrelevant discovery proceedings against the myriad of other defendants named in the actions currently pending in the transferee district. Furthermore, plaintiffs point out that they are located throughout Europe, South America and the Caribbean and urge that transfer would be enormously expensive and inconvenient to them.

---

* *Judge Lord was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.*

1. In re United States Financial Securities Litigation, 375 F.Supp. 1403 (Jud.Pan.Mult. Lit.1974).

These arguments are not persuasive. Simply because Touche, Ross is the only defendant named in this action does not obviate the necessity for transfer of the action. Instead, when plaintiffs' allegations are compared to the allegations asserted in the other actions in this litigation, it is readily apparent that common questions of fact abound and that the criteria for transfer under Section 1407 are clearly satisfied.

Touche, Ross is a defendant in many of the actions before the transferee court and is charged with violations of the federal securities laws in connection with its role as accountant for USF. Similar violations are alleged in the action presently before us. The fact that the debentures involved in this action were issued by USFO and, therefore, are different from the securities involved in the other actions is a distinction without substance. Plaintiffs here and in the transferee court complain of the contents of USF's financial statements and the conduct of Touche, Ross in connection therewith. Thus, plaintiffs' discovery in this action will differ very little from the discovery pursued against Touche, Ross in the transferee district. And if plaintiffs wish to pursue additional discovery covering a different time period, the transferee judge can coordinate that discovery with the common discovery and establish a separate schedule to accommodate plaintiffs' interests.

Plaintiffs' other arguments in opposition to transfer are equally without merit. There is, of course, no requirement that plaintiffs participate in any of the coordinated or consolidated pretrial proceedings that they feel are irrelevant to their action. Furthermore, we do not agree that transfer will be additionally expensive or inconvenient to the plaintiffs. Irrespective of transfer of this action, plaintiffs' discovery against Touche, Ross will occur in the transferee district because that is where the relevant documents, records and witnesses involving Touche, Ross's alleged misconduct are located. Transfer, however, will enable plaintiffs to cooperate with other plaintiffs in this litigation and to pool their resources with respect to common discovery matters. Thus, we are convinced that plaintiffs will experience an overall savings of time and expenses as a result of transfer, but little, if any, inconvenience.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled Société Générale de Banque et al. v. Touche, Ross & Co., S.D. New York, Civil Action No. 74 Civ. 3120, be, and the same hereby is, transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Howard B. Turrentine for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

