**In re AIR CRASH DISASTER NEAR UP-PERVILLE, VIRGINIA, ON DE-CEMBER 1, 1974.**

**No. 199.**

Judicial Panel on Multidistrict Litigation.

April 29, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

A Boeing 727 aircraft, being operated as Trans World Airlines Flight 514, crashed into a mountainside on December 1, 1974, as it was descending for its approach to Dulles International Airport near Washington, D. C. All 92 persons aboard the plane died as a result of the crash. At the present time, nineteen actions arising from this disaster are pending in four different districts: fifteen in the Eastern District of Virginia, two in the Northern District of California, one in the Northern District of Illinois and one in the Southern District of New York.[1]

Plaintiffs in one of the Virginia actions move the Panel for an order transferring all actions to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings, while the plaintiff in one of the California actions moves for transfer of all actions to the Central or Northern District of California. All responding parties agree on the desirability of transfer under Section 1407 and favor the Eastern District of Virginia as the transferee forum. These actions clearly involve common questions of fact and we find that their transfer to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings pursuant to 28 U.S. C. § 1407 will best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

As is often the case in multidistrict air disaster litigation, the only issue in dispute among the parties is the location of the appropriate transferee forum. See, e. g., In re Air Crash Disaster at Florida Everglades on December 29, 1972, 360 F.Supp. 1394 (Jud.Pan.Mult. Lit.1973). Proponent of a California forum suggests that transfer there is preferable because both TWA and Boeing have major facilities in that state. These facts standing alone, how-

---

* Although Judge Wisdom was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

1. Several actions had originally been instituted in the Southern District of Indiana, the residence of many of the deceased passengers. Those actions, however, have been voluntarily dismissed by the respective plaintiffs and reinstituted in the Eastern District of Virginia.

ever, do not provide the necessary predicate for transfer of all actions to California. Instead, the crucial indicia regarding the most suitable transferee court for this litigation point to the Eastern District of Virginia.

The Panel has generally assigned air disaster litigation to the district in which the crash occurred. *See, e. g.*, In re Delta Airlines Crash at Boston, Massachusetts, on July 31, 1973, 373 F.Supp. 1406 (Jud.Pan.Mult.Lit.1974); In re Air Crash Disaster at Florida Everglades on December 29, 1972, *supra;* In re Air Crash Disaster at Huntington, West Virginia, on November 14, 1970, 342 F. Supp. 1400 (Jud.Pan.Mult.Lit.1972). This policy is grounded on the belief that discovery proceedings on the common issue of liability can ordinarily be most effectively and expeditiously supervised in that district. In the instant litigation, we adhere to this principle and point out that the following likely subjects of discovery are located in the Eastern District of Virginia: the air traffic controllers who were responsible for the flight, the ground witnesses to the crash and significant documentary evidence, such as the tape recordings of the conversations between the controllers and the flight crew. In addition, the overwhelming majority of the actions are already pending there.

It is therefore ordered that the actions listed on the following Schedule A and pending in districts other than the Eastern District of Virginia be, and the same hereby are, transferred to the Eastern District of Virginia and, with the consent of that court assigned to the Honorable Albert V. Bryan, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

### Northern District of Illinois

| | |
|---|---|
| American National Bank & Trust Co. v. Trans World Airlines, Inc. | Civil Action No. 75–0065 |

### Southern District of New York

| | |
|---|---|
| Essie R. English, Adm. v. The Boeing Co., et al. | Civil Action No. 74 Civ. 5601 |

### Northern District of California

| | |
|---|---|
| James E. Brown, Jr. v. Trans World Airlines, Inc., et al. | Civil Action No. C75–0166–RFP |
| John A. Buchanan, et al. v. Trans World Airlines, Inc. | Civil Action No. C74–2578 |

### Eastern District of Virginia

| | |
|---|---|
| Carl E. Zwisler, III and Union State Bank, etc. v. Trans World Airlines, Inc. | Civil Action No. 804–74–A |
| Bank of Clarke County, Va. Adm. of the Estate of David Frank Holdhusen v. Trans World Airlines, Inc., et al. | Civil Action No. 86–75A |
| Bank of Clarke County, V. Adm. Estate of Susan Applewhite v. Trans World Airlines, Inc., et al. | Civil Action No. 87–75A |
| Bank of Clarke County, Va. Adm. Estate of William Dale Vaughn v. Trans World Airlines, Inc., et al. | Civil Action No. 90–75A |
| Bank of Clarke County, Va. Adm. of the Estate of Ella Fort v. Trans World Airlines, et al. | Civil Action No. 91–75A |
| Bank of Clarke County, Va. Adm. Estate of Michael Stokes v. Trans World Airlines, Inc. | Civil Action No. 92–75A |
| Bank of Clarke County, Va. Adm. Estate of James R. Applewhite v. Trans World Airlines, Inc., et al. | Civil Action No. 93–75A |
| Bank of Clarke County, Va. Adm. Estate of Mathew Hartley v. Trans World Airlines, Inc., et al. | Civil Action No. 96–75A |
| Bank of Clarke County, Va. Adm. Estate of Benjamin Applewhite v. Trans World Airlines, et al. | Civil Action No. 97–75A |
| Lee M. Dismore, Adm. Estate Scott Michael Dismore v. Trans World Airlines, Inc., et al. | Civil Action No. 88–75A |
| William E. Dismore, Adm. Estate Wendy Kathleen Dismore v. Trans World Airlines, Inc., et al. | Civil Action No. 95–75A |
| William E. Dismore, Sr., Exec. Estate of William E. Dismore, Jr. and Lee M. Dismore, Adm. v. Trans World Airlines, Inc., et al. | Civil Action No. 89–75A |
| National Bank of Fairfax, Va. Adm. Estate of Janice Dismore v. Trans World Airlines, et al. | Civil Action No. 94–75A |
| Harold L. Cramer, etc. v. Trans World Airlines, Inc. | Civil Action No. 83–75A |
| Jack J. Basil, Jr., etc. v. Trans World Airlines, et al. | Civil Action No. 56–75A |