**In re AIR CRASH DISASTER AT PAGO PAGO, AMERICAN SAMOA, ON JANUARY 30, 1974.**

*Marine National Bank, etc.*

*v.*

*Pan American World Airways, Inc.,*

W. D. Pa., Civil Action No. 74–113.

**No. 176.**

Judicial Panel on Multidistrict Litigation.

May 2, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

On January 30, 1974, a Pan American World Airways commercial aircraft crashed while on approach for landing at Pago Pago, American Samoa. The Panel has since transferred all actions arising from the disaster to the Central District of California and, with the consent of that court, assigned them to the Honorable Peirson M. Hall for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Air Crash Disaster at Pago Pago, American Samoa, on January 30, 1974, 383 F. Supp. 501 (Jud.Pan.Mult.Lit.1974). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Central District of California.

Plaintiff Marine National Bank, the executor of the estates of two crash victims, moves the Panel for an order vacating the conditional transfer order. Defendant Pan American acquiesces in plaintiff's motion. Upon a consideration of the papers submitted to the Panel, we find that this action in its present posture no longer raises questions of fact common to the actions previously transferred to the Central District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings under Section 1407 will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.[1]

The Honorable Gerald J. Weber of the Western District of Pennsylvania recently approved a stipulation entered into by both parties, which provides that if the Panel permits that court to retain jurisdiction of this action, defendant Pan American will not require proof on the issue of liability but will submit to trial on the issue of damages alone. Marine National Bank, etc. v. Pan American World Airways, Inc., C.A. 74–113 (W.D.Pa., filed March 12, 1975).[2]

In multidistrict air disaster litigation, the common questions of fact pertain to the issue of liability, whereas the issue of damages is unique with respect to each decedent. Since the parties in the present action have resolved the issue of liability, transfer under Section 1407 at this time is inappropriate.

It is therefore ordered that the motion to vacate the conditional transfer order be, and the same hereby is, granted.

---

1. The parties waived their right to oral argument and, at their request, the question of transfer of this action under 28 U.S.C. § 1407 was submitted on the briefs.

2. The stipulation and order also provides that nothing contained therein shall be construed to constitute an admission of liability on the part of defendant Pan American for any deaths or injuries resulting from the crash.