**In re AIR CRASH DISASTER AT PAGO PAGO, AMERICAN SAMOA, ON JANUARY 30, 1974.**

*Katsuro Miho, et al.* v. *Pan American World Airways, Inc.,* D. Hawaii, Civil Action No. 76–0020.

**No. 176.**

Judicial Panel on Multidistrict Litigation.

Jan. 12, 1977.

OPINION AND ORDER

Before JOHN MINOR WISDOM *, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, STANLEY A. WEIGEL *, and ANDREW A. CAFFREY, Judges of the Panel.

PER CURIAM.

On January 30, 1974, a Pan American World Airways (Pan Am) commercial aircraft crashed while on approach for landing at Pago Pago, American Samoa. The Panel previously transferred several actions arising from this disaster to the Central District of California and, with the consent of that court, assigned them to the Honorable Peirson M. Hall[1] for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Air Crash Disaster at Pago Pago, American Samoa, on January 30, 1974,* 383 F.Supp. 501 (Jud.Pan.Mult.Lit. 1974).

One of the persons killed in this crash was a Pan Am stewardess who allegedly was a Japanese citizen stationed in Hawaii. In 1975, her parents and the administrator of her estate filed two separate actions in the District of Hawaii as a result of her death—one against the Boeing Company, which manufactured the aircraft, and one against the United States of America. The two actions were transferred by the Panel

---

* Although Judges Wisdom, Lord and Weigel were not present at the Panel hearing, they have, with the consent of all parties, participated in this decision.

1. Since the Panel hearing on this matter, this litigation has been reassigned to the Honorable William Matthew Byrne, Jr. in the Central District of California.

as tag-along actions to the Central District of California without opposition from any party.[2] These same plaintiffs recently filed the above-captioned action (*Miho III*) in the District of Hawaii naming Pan Am as the defendant. Like plaintiffs in many of the actions in the transferee district, plaintiffs in *Miho III* allege that Pan Am was negligent in the operation of the aircraft. Pan Am's answer to the complaint in *Miho III* pleads, as an affirmative defense, that it is immune from suit by its employees under Hawaii's Workmen's Compensation Law.

Since *Miho III* appeared to share common questions of fact with the actions in the previously transferred litigation, the Panel ordered the parties to show cause why this action should not likewise be transferred to the Central District of California for Section 1407 pretrial proceedings.[3] While defendant Pan Am favors transfer, plaintiffs in *Miho III* request that transfer be deferred until the workmen's compensation issue is completed.

We find that this tag-along action raises questions of fact common to those in the actions previously transferred to the Central District of California and that transfer of this action to that district for coordinated or consolidated pretrial proceedings under Section 1407 with the previously transferred actions will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Plaintiffs in *Miho III* concede that their action shares common questions of fact with the actions in the previously transferred litigation, but they nonetheless request that transfer be deferred until the District of Hawaii court determines whether Japanese or American workmen's compensation laws apply.[4] These plaintiffs argue that

the issue should be resolved in Hawaii because it involves Hawaiian law. Defendant Pan Am, on the other hand, points out that in the action filed by these same plaintiffs against the United States, which is now pending in the transferee district, the United States filed a third-party complaint against Pan Am, and Pan Am, in turn, filed a motion for summary judgment in that action on the ground that Pan Am is immune from suit under the workmen's compensation laws. Pan Am contends that underlying the workmen's compensation issue is a choice of laws question that may involve the laws of American Samoa, Florida or New York, rather than those of Hawaii or Japan. It is asserted that *Miho III* should therefore be transferred at this time to eliminate the possibility of duplicative discovery and prevent inconsistent pretrial rulings.

We are persuaded by Pan Am's argument that *Miho III* should be transferred at the present time for inclusion in the coordinated or consolidated pretrial proceedings. The record before us clearly reveals that *Miho III* shares common questions of fact with the actions in the transferee district not only on the issue of negligence but also on the threshold issue of choice of laws concerning the applicability of the workmen's compensation laws to actions initiated on behalf of Pan Am employees. Thus, we agree with Pan Am that transfer at this time is necessary in order to eliminate the possibility of duplicative discovery and prevent inconsistent pretrial rulings. *See also In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (Jud.Pan.Mult.Lit.1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled *Katsuro Miho, et al. v. Pan Ameri-*

---

**2.** *See* Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259–60 (1975).

**3.** *See* Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

**4.** Plaintiffs in *Miho III* contend that under Japanese law, defendant Pan Am would be liable to plaintiffs for its allegedly negligent conduct,

and that Japanese law is applicable here because the decedent was hired in Japan. It is asserted that under Hawaiian law if an employee who has been hired outside of Hawaii is injured while engaged in his or her employer's business, and is entitled to compensation under the law of the state or territory where he or she was hired, he or she may enforce that right in Hawaii.

 

*can World Airways, Inc.,* D.Hawaii, Civil Action No. 76–0020, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable William Matthew Byrne, Jr. for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.