**In re AIR CRASH DISASTER NEAR UPPERVILLE, VIRGINIA ON DECEMBER 1, 1974.**

*James I. Van Fossen, et al. v. United States of America,* N.D. California, Civil Action No. C76–1483–CBR

*Marlene J. Brock, et al. v. United States of America,* C.D. California, Civil Action No. CV76–2488–RMT

*Donna M. Kresheck, etc. v. United States of America,* C.D. California, Civil Action No. CV76–2489–IH

*Ellen Harlan, Adm. v. Trans World Airlines, et al.,* S.D. Indiana, Civil Action No. IP 76–525–C

*Jamie Deichmann Hasenkampf, etc. v. Trans World Airlines, Inc., et al.,* E.D. Louisiana, Civil Action No. 75–3665

**No. 199.**

Judicial Panel on Multidistrict Litigation.

March 31, 1977.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL,* and ANDREW A. CAFFREY, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The Panel previously transferred several actions in this litigation to the Eastern District of Virginia and, with the consent of that court, assigned them to the Honorable Albert V. Bryan, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Air Crash Disaster Near Upperville, Virginia on December 1, 1974,* 393 F.Supp. 1089 (Jud.Pan. Mult.Lit.1975). These actions arose from an air crash disaster that occurred when a Boeing 727 aircraft, being operated by Trans World Airlines (TWA), crashed as it was approaching Dulles International Airport near Washington, D.C. All 87 passengers and seven crew members died as a result of the crash.

* Judge Weigel was unable to attend the Panel hearing on *Hasenkampf* and, therefore, took no part in the consideration or decision of that matter.

In the transferee district, defendant TWA adopted a policy of not contesting liability for compensatory damages in the actions brought because of passenger deaths, after Judge Bryan had ruled that the Virginia Wrongful Death Act applied to these actions and that punitive damages are not recoverable under this statute. Also, TWA and the United States agreed that the United States would pay a certain percentage of any verdict or settlement in the passenger actions in the transferee district. All these passenger actions have now been settled or tried, and only certain third-party complaints against the United States are still pending before Judge Bryan. The only action in the transferee district arising from a crew member's death has also been settled. On September 13, 1976, Judge Bryan issued an order containing the following findings:

It appearing to this Court that the *Plaintiffs' Discovery Committee has diligently and competently completed its assigned task and purpose of conducting discovery and preparing this litigation for a trial on liability,* which was made unnecessary by the settlement and agreement on this issue between Trans World Airlines and the United States, and it is now appropriate to provide for the award of fees to the Plaintiffs' Discovery Committee and Liaison Counsel and to reimburse them for costs and charges incurred . . . . *In re Air Crash Disaster Near Upperville, Virginia on December 1, 1974,* MDL Docket No. 199 (E.D.Va., filed September 13, 1976) (emphasis added).

Since the *Hasenkampf* action appeared to share common questions of fact with the actions previously transferred to the Eastern District of Virginia, the Panel issued an order conditionally transferring this action for inclusion in the Section 1407 proceedings pending there. Subsequently, the Panel issued orders to show cause why the *Van Fossen,*[1] *Brock, Kresheck* and *Harlan* ac-

1. The *Van Fossen* action has since been settled and dismissed. Accordingly, the Panel's show cause order regarding this action will be vacated as moot.

tions should not also be transferred to the Eastern District of Virginia pursuant to Section 1407. *Hasenkampf* and *Harlan,* like nearly all other actions previously transferred to or filed in the Eastern District of Virginia, involve the death of passengers. Both the United States and TWA are defendants in these two actions. *Brock* and *Kresheck,* however, are brought because of crew members deaths, and only the United States is named as a defendant in each of these actions.

Plaintiffs in *Hasenkampf, Harlan, Brock* and *Kresheck* oppose transfer. Defendant TWA favors the transfer of *Harlan* and *Hasenkampf,* but has taken no position regarding transfer of *Brock* and *Kresheck.* The United States favors transfer in *Brock* and *Kresheck* and has expressed no position concerning transfer of *Hasenkampf* and *Harlan.*

Although we recognize that these actions may share some questions of fact with the previously transferred actions, we find that their transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Accordingly we vacate the conditional transfer order and the orders to show cause.

All plaintiffs argue that transfer of these actions is inappropriate because the considerable pretrial proceedings concerning the issue of liability have been concluded in the transferee district. Plaintiffs in *Harlan, Brock* and *Kresheck* state that their counsel have been actively involved in the Section 1407 pretrial proceedings and that they have access to all discovery obtained in the transferee district. Plaintiff in *Hasenkampf* also states that she intends to utilize much of the discovery previously obtained in the actions in the transferee district.

Defendants favor transfer of these actions to the Eastern District of Virginia because the actions arise out of the same occurrence as that in the litigation before Judge Bryan. Judge Bryan's familiarity with the subject matter would thus be invaluable, defendants argue. TWA, a defendant in only *Hasenkampf* and *Harlan,* argues that it has agreed not to contest the issue of liability in the transferee forum because of considerations of judicial economy and convenience of the parties. If all the actions arising out of this air disaster could be tried in Virginia by one set of counsel before one judge who was familiar with the common questions of fact and law, this defendant contends, both the judiciary and the parties will benefit. If the Panel decides not to transfer *Harlan* and *Hasenkampf* to the Eastern District of Virginia, however, TWA states, TWA will contest liability and full discovery will have to be taken on that issue.

We recognize that these four actions and the other actions in this litigation may involve some common questions of fact. On the basis of the record before us, however, it is clear that all pretrial proceedings concerning the common issue of liability have been concluded in the transferee district. Indeed, all actions before Judge Bryan already have either been tried or settled, and only certain third-party complaints against the United States are still pending in the Eastern District of Virginia. It also appears that all parties in the actions now before the Panel already have access to all discovery obtained in the transferee district.[2] Moreover, if the Panel were to transfer *Harlan* and *Hasenkampf* to the Eastern District of Virginia, there apparently would be no further discovery on the liability issue because TWA has adopted a policy of not contesting liability in the passenger actions in that district. Thus, the only issue remaining in the *Harlan* and *Hasenkampf* would be one of damages, which is unique to each action. *See In re Air Crash Disaster at Pago Pago, American Samoa, on January 30, 1974,* 394 F.Supp. 799 (Jud.Pan.Mult.Lit.1975). Transfer of

---

**2.** Of course, the judge to whom each of these actions is assigned can take appropriate steps to ensure that all the heretofore completed discovery in the transferee district is made available to all parties. *See In re Seeburg–Commonwealth United Merger Litigation,* 415 F.Supp. 393, 396 (Jud.Pan.Mult.Lit.1976).

*Brock* and *Kresheck* to the Eastern District of Virginia is likewise inappropriate. We note that only one other crew member action has been filed in or transferred to the Eastern District of Virginia, and that that action has been settled.[3] And although the two crew member actions now before the Panel themselves might involve some minimal common questions of fact, these two actions are already pending in the same district. In any event, counsel for the United States admitted during the hearing on this matter that what little discovery remains in each of these actions will be largely unique to each action. Transcript at 9–12. In light of these circumstances, none of the criteria for Section 1407 transfer set forth in the Panel's earlier decision in this litigation still applies.

IT IS THEREFORE ORDERED that the order to show cause regarding the action entitled *James I. Van Fossen, et al. v. United States of America,* N.D. California, Civil Action No. C76–1483–CBR be, and the same hereby is, vacated as moot.

IT IS FURTHER ORDERED that the conditional transfer order regarding the action entitled *James Deichmann Hasenkampf, etc. v. Trans World Airlines, Inc., et al.,* E.D. Louisiana, Civil Action No. 75–3665 be, and the same hereby is, vacated.

IT IS FURTHER ORDERED that the orders to show cause regarding the actions entitled *Ellen Harlan, Adm. v. Trans World Airlines, Inc., et al.,* E.D. Louisiana, Civil Action No. 75–3665; *Marlene J. Brock, et al. v. United States of America,* C.D. California, Civil Action No. CV76–2488–RMT; *Donna M. Kresheck, etc. v. United States of America,* C.D. California, Civil Action No. CV76–2489–IH be, and the same hereby are, vacated.

---

3. Three other crew member actions that were recently filed in districts other than the Eastern District of Virginia have also been settled.