461 F.Supp. 671 (1978)
In re AIR CRASH DISASTER AT TENERIFE, CANARY ISLANDS ON MARCH 27, 1977.
Edgar Jack Ridout et al.
v.
Pan American World Airways, Inc., et al., S. D. New York, C.A. No. 78 Civ. 2198.
No. 306.
Judicial Panel on Multidistrict Litigation.
November 30, 1978.
*672 Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
The Panel, pursuant to 28 U.S.C. § 1407, previously centralized several actions in this litigation in the Southern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Robert J. Ward. In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977, 435 F.Supp. 927 (Jud.Pan.Mult.Lit. 1977). These actions arose from a March 27, 1977 collision on the runway at the Los Rodeos Airport in Tenerife, Canary Islands between a Boeing 747 jet aircraft being operated by KLM-Royal Dutch Airlines (KLM) and a Boeing 747 jet aircraft being operated by Pan American World Airways (Pan Am).
Plaintiffs in the above-captioned action (Ridout) are a passenger who survived the crash and a corporation of which he was chairman of the board of directors at the time of the accident. KLM and Pan Am are the defendants. All parties in Ridout have entered into a stipulation pursuant to which defendants have agreed that they will not contest their liability to plaintiffs for compensatory damages.
Plaintiffs in Ridout move the Panel, pursuant to 28 U.S.C. § 1407(a), to remand this action to the Central District of California, the district from which Ridout was transferred by the Panel. Defendants Pan Am and KLM oppose remand.
We find that remand at this time of Ridout to the Central District of California will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of Ridout. Accordingly, we order remand of Ridout.
Plaintiffs in Ridout stress that, as a result of the stipulation entered into by the parties, the only issue that remains in Ridout is a determination of the amount of compensatory damages to be awarded, and Ridout should be returned to its transferor forum for further discovery and, if necessary, trial on this issue.
The opponents of remand assert that, although the stipulation entered into in Ridout has removed the issue of liability from Ridout, and although Ridout no longer involves any common discovery interests with other MDL-306 actions, Ridout should nevertheless remain in the transferee district for further efforts toward settlement, to permit the transferee judge to consider choice of law questions, and to allow entry of a final pretrial order by the transferee judge. Opponents maintain that the continued pendency of Ridout in the transferee district for further pretrial proceedings need not hinder damages discovery from occurring locally in California.
We find the arguments in opposition to remand unpersuasive. As is generally true in multidistrict air disaster litigation, the common questions of fact in the present litigation primarily concern the issue of liability, whereas the issue of damages is unique with respect to each person who was *673 aboard the aircraft. See In re Air Crash Disaster at Pago Pago, American Samoa on January 30, 1974, 394 F.Supp. 799, 800 (Jud. Pan.Mult.Lit. 1975). All parties recognize that as a result of the stipulation entered into by the parties, the remaining discovery in Ridout concerns the issue of damages, and all other remaining pretrial proceedings in Ridout are primarily, if not entirely, unique to Ridout. Therefore, on the basis of the record before us, plaintiffs have persuaded us that retention of Ridout in the transferee district is no longer necessary. See In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977, M.D.L. No. 306 (Jud.Pan.Mult.Lit. Aug. 11, 1978) (order vacating conditional transfer order) (transfer denied with respect to an action in which there was no dispute on the issue of liability and only the issue of damages remained); In re Air Crash Disaster at Pago Pago, American Samoa on January 30, 1974, supra, 394 F.Supp. at 800.
IT IS THEREFORE ORDERED that the action entitled Edgar Jack Ridout, et al. v. Pan American World Airways, Inc., et al., S.D. New York, C.A. No. 78 Civ. 2198, be, and the same hereby is, REMANDED to the Central District of California.